**Napoleon HARTSFIELD, Plaintiff–Appellant,**

v.

**Pete VIDOR, Deputy, sued in his individual and official capacity, et al., Defendants–Appellees.**

**No. 98–1914.**

United States Court of Appeals, Sixth Circuit.

Submitted: Aug. 12, 1999

Decided and Filed: Dec. 3, 1999

Napoleon Hartsfield (briefed), Davenport, Iowa, Plaintiff–Appellant pro se.

Deborah R. Garcia–Luna (briefed), Office of the Attorney General, Lansing, Michigan, for Defendants–Appellees.

Before: MERRITT, KENNEDY, and DAUGHTREY, Circuit Judges.

## OPINION

MERRITT, Circuit Judge.

*Pro se* plaintiff, Napoleon Hartsfield, is an inmate at Ionia corrections facility in Michigan. On May 2 and 3, 1996, Plaintiff was placed on top-of-bed restraints for eighteen hours after he damaged his cell. He alleges that he was not allowed to eat, have fresh water or access to the toilet during that time. On July 19, 1996, plaintiff brought an action pursuant to 42 U.S.C. § 1983 alleging (1) that defendants Vidor and Mowatt violated his due process rights under the Fourteenth Amendment when they placed him in top-of-bed restraints without a hearing; (2) that defendants Vidor and Mowatt violated the Equal Protection Clause of the Fourteenth Amendment because they intentionally discriminated against him by putting him in hard restraints while a white inmate who

had damaged his cell was placed in soft restraints and (3) that the actions of all five defendants in denying him access to the toilet and fresh water for eighteen hours constitutes cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff also brought state claims of assault and battery, intentional infliction of emotional distress and negligence. Plaintiff moved to amend his complaint on September 9, 1996, to add two defendants and then filed a motion to "supplement" his complaint on October 28, 1996, to add an additional defendant and more claims.

The case was assigned to a magistrate judge, who, in November 1996, ordered the parties to file briefs regarding whether plaintiff exhausted his administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), as amended,[1] as to the issues raised in the initial complaint, and the motions to amend and supplement the complaint. Order of Nov. 16, 1996. The parties submitted briefs on the issue and the government acknowledged that plaintiff had exhausted his administrative remedies as to the Eighth Amendment claim against defendants Crump, Kavanaugh and Breimayer. Plaintiff conceded that he had not exhausted the other claims but raised various reasons as to why he should be excused from doing so. On May 28, 1997, the magistrate judge denied plaintiff's motions to amend and supplement his complaint. The motion to amend the complaint was denied because plaintiff failed to exhaust his administrative remedies as to issues proposed to be added to the complaint. The motion to supplement concerned a First Amendment issue that was denied as futile because plaintiff failed to allege any actual injury, although the magistrate found that plaintiff had exhausted his administrative remedies as to that claim. The denial of these motions was not appealed to this Court and the claims raised in those motions are there-

fore not before us. We mention the May 28 Order because the magistrate judge curiously did not address whether the claims in the initial complaint were exhausted, despite the fact that he had requested the parties in his November 16, 1996, Order to brief the exhaustion issue as to the claims raised in the initial complaint (which the parties did), and despite the fact that he addressed whether the claims raised in the motions to amend and supplement were exhausted as required by § 1997e(a).

On June 2, 1997, the magistrate judge recommended dismissal of all claims against all defendants on the merits. The report and recommendation did not address or otherwise mention whether the claims had been properly exhausted under § 1997e(a). The plaintiff filed objections to the report and recommendation. On September 30, 1997, the district court adopted all of the report and recommendation except it rejected the recommendation to dismiss the equal protection claim as to defendant Mowatt. The district court also retained pendent jurisdiction over the state law claims. The district court did not mention the exhaustion issue in its opinion.

Discovery proceeded on the remaining claim against defendant Mowatt. On April 29, 1998, the magistrate judge recommended that plaintiff's claim be dismissed for failure to exhaust administrative remedies. It is not clear from the record before us what precipitated the recommendation at this time. The plaintiff filed objections but the district court overruled them and adopted the report and recommendation on July 23, 1998, thereby dismissing plaintiff's remaining claim against Mowatt without prejudice for failure to exhaust administrative remedies as required by § 1997e(a). The district court

1. Section 1997e(a), as amended, provides:
   No action shall be brought with respect to prison conditions under section 1983 of this title [*i.e.*, 42], or any other Federal law, by a

   prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

also dismissed plaintiff's state law claims at that time because without the federal claim the court had no pendent jurisdiction. The plaintiff moved for relief from the judgment regarding the federal claim and, in addition, stated that because he was a resident of Illinois and the defendants were all residents of Michigan, the district court had original diversity jurisdiction over the state law claims. In an order dated September 2, 1998, the district court amended its July 23 order to hold that although it did have original jurisdiction over plaintiff's state law claims, those claims were also dismissed without prejudice for failure to exhaust administrative remedies under § 1997e(a).

On appeal, plaintiff contends that: (1) the constitutional claims against Mowatt involving use of excessive force and violation of the Equal Protection Clause are not covered by the term "prison conditions" within the meaning of § 1997e(a) and he is therefore not required to exhaust; (2) because he requested monetary damages, which are not available under Michigan's grievance procedures, he should not be required to exhaust as there is no "available" remedy; (3) his attempts to exhaust satisfy the requirement under § 1997e(a); (4) the district court should not have dismissed his state claims for failure to exhaust because they are not covered by § 1997e(a); and (5) the partial judgment on the merits was in error.

■ As to plaintiff's first argument that the term "prison conditions" as used in 42 U.S.C. § 1997e(a) does not apply to claims regarding excessive force or equal protection, we have previously addressed this issue. In *Freeman v. Francis*, 196 F.3d 641, 642–44 (6th Cir.1999), we held that the term "prison conditions" as used in § 1997e includes claims of excessive force and held that the scope of § 1997e(a)'s exhaustion requirement is determined by the definition of a "civil action with respect to prison conditions" as set forth in § 3626(g)(2).[2] For the same reasons we hold that the term "prison conditions" also applies to plaintiff's equal protection claim, which arises out of the same incident.

■ Plaintiff also contends that because he seeks monetary damages, which are not available under the Michigan prison grievance procedures, it would be futile for him to exhaust his administrative remedies. Plaintiff only raised this issue in his motion for reconsideration and the district court properly declined to address it. We note, however, that we have previously held that so long as the prison system has an administrative process that will review a prisoner's complaint, even when the prisoner seeks monetary damages, the prisoner must exhaust his prison remedies. *Wyatt v. Leonard*, 193 F.3d 876, 878 (6th Cir.1999) (state prisoner seeking monetary damages must exhaust); *Lavista v. Beeler*, 195 F.3d 254, 256-58 (6th Cir.1999) (federal inmate seeking monetary, injunctive and declaratory relief must exhaust). As we explained in those cases, although it may make sense to excuse exhaustion of the prisoner's complaint where the prison system has a flat rule declining jurisdiction over such cases, it does not make sense to excuse the failure to exhaust when the prison system will hear the case and attempt to correct legitimate complaints, even though it will not pay damages.

■ Plaintiff then contends that his attempts at exhaustion satisfied the new statute, or, in the alternative, that any attempts are now futile. Plaintiff claims to have filed a grievance against defendants Mowatt and Vidor on May 3, 1996, immediately after the incident in question. However, there is no record that grievances were actually filed against these defen-

---

**2.** Section 3626(g)(2) provides:

the term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

dants at this time. Plaintiff wrote to the grievance coordinator on May 16, 1996, indicating that he had not received a receipt or any response to his grievances filed May 3. He was informed the next day that no grievances were received and he would need to refile. On November 20, 1996, after the magistrate judge instructed the parties to submit briefs on the exhaustion issue, plaintiff requested an appeal form to go to the next step in the grievance process, indicating that he had not received a response to his May 3, 1996, grievance against Mowatt and Vidor. Plaintiff was again informed that there was no record of the May 3 grievance against Mowatt and Vidor, so he could not appeal. Plaintiff then claimed in correspondence to a prison official, dated November 26, that he had the receipt to the grievance. He was instructed to provide the receipt and he would be able to appeal. There is nothing further in the record before us about this grievance.

Even if plaintiff did file an initial grievance against Mowatt and Vidor, he was required to continue to the next step in the grievance process within the time frame set forth in the regulations if no response is received from prison officials or if the prisoner is not satisfied with the response. Michigan Dep't of Corrections, Policy Directive 03.02.130, ¶ G. We have previously held that an inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations. *Wright v. Morris*, 111 F.3d 414, 417 n. 3 (6th Cir.), *cert. denied*, 522 U.S. 906, 118 S.Ct. 263, 139 L.Ed.2d 190 (1997). Plaintiff should have either refiled his grievance when he was informed in May that the prison had no record of the grievance or provided the receipts in November so he could have proceeded with an appeal. We find, therefore, that plaintiff did not exhaust his administrative remedies as to defendants Mowatt and Vidor.

Although not addressed by the district court in its opinions, the record reflects, and defendants concede in their brief to the district court regarding the exhaustion issue, that plaintiff exhausted his Eighth Amendment claim against Crump, Kavanaugh and Breimayer and the district court properly addressed the merits of that claim, which we will discuss below.

■ As to plaintiff's claim that he need not exhaust his state law claims, the district court held that under the plain language of § 1997e(a) ("[n]o action shall be brought ... under section 1983 ..., or *any other Federal law* ...."), a claim brought pursuant to the federal diversity statute is "by any definition" brought under a federal law that must first be exhausted. We agree with the district court. The federal diversity statute is a law passed by Congress and under the plain language of § 1997e(a) any claims concerning prison conditions brought under any federal law must first be exhausted. We see no reason to exempt from the exhaustion requirement state claims brought in federal court pursuant to diversity jurisdiction.

Plaintiff also appeals the dismissal of his claims against defendants Crump, Kavanaugh, Breimayer and Vidor on the merits. As explained above, plaintiff did not exhaust his claims against defendant Vidor and because the exhaustion requirement is mandatory, those claims will be dismissed without prejudice for failure to exhaust administrative remedies in accordance with § 1997e(a). *Brown v. Toombs*, 139 F.3d 1102 (6th Cir.), *cert. denied*, —— U.S. ——, 119 S.Ct. 88, 142 L.Ed.2d 69 (1998).

■ Because we agree with the analysis of the district court on this issue, we will only briefly address the merits of the claim against defendants Crump, Kavanaugh and Breimayer. Plaintiff alleges cruel and unusual punishment in that defendants were deliberately indifferent to his health and safety by not allowing him to use the toilet, allowing him to sit in his

own urine and in not providing fresh drinking water for two 8–hour periods during May 2 and 3, 1996. In a prison setting, the Eighth Amendment requires that the conditions of confinement not fall below the minimal standards of civilized society. *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). As pointed out by the magistrate judge, we have previously held that deprivations of fresh water and access to the toilet for a 20–hour period, while harsh, were not cruel and unusual punishment. *Stephens v. Carter County Jail*, 816 F.2d 682 (6th Cir.1987). Furthermore, the record provides sworn testimony and documentation, not refuted by plaintiff beyond the allegations in his complaint, that adequate toilet breaks and opportunities to drink were provided to plaintiff while he was in restraints and that he took advantage of them at least once on the morning of May 3.

We therefore remand to the district court for dismissal without prejudice of the claims against defendant Vidor for failure to exhaust administrative remedies and affirm the district court as to the claims against defendants Crump, Kavanaugh, Breimayer and Mowatt.