**Kevin J. FLATH, Plaintiff–Appellant,**

v.

**Paul CHAVEZ, et al., Defendants–Appellees.**

**No. 00–1719.**

United States Court of Appeals,
Sixth Circuit.

Aug. 7, 2001.

Before CLAY, GILMAN, and WALLACE,* Circuit Judges.

Kevin J. Flath appeals a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and declaratory relief, Flath sued two Michigan correctional officials, alleging that the defendants removed him from a prison educational program and denied him certain amenities. The district court concluded that Flath had not administratively exhausted his claims and dismissed the case without prejudice. Flath has filed a timely appeal.

Upon review, we conclude that the district court properly dismissed Flath's claims for failure to exhaust his administrative remedies. This court reviews de novo the district court's dismissal of a suit for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a). *Curry v. Scott,* 249 F.3d 493, 503 (6th Cir.2001).

 Flath did not exhaust his administrative remedies for any of his claims. Under § 1997e(a), a prisoner must exhaust all of his available administrative remedies before filing a § 1983 action in federal court, *Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir.1998), and the prisoner has the burden of demonstrating that he has exhausted these remedies. *Id.* at 1104. Although money damages may not be available through the prison grievance process, Flath must still exhaust these state remedies because the prison has an administrative system that will review his complaints. *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001). Section 1997e(a) requires the prisoner to exhaust his administrative remedies prior to filing suit and, therefore, he can not exhaust these remedies during the pendency of the action. *Freeman v. Fran-*

* The Honorable J. Clifford Wallace, United States Circuit Judge for the Ninth Circuit, sitting by designation.

*cis,* 196 F.3d 641, 645 (6th Cir.1999). The prisoner must exhaust his remedies as to all claims arising from his confinement, including excessive force, equal protection, and other constitutional claims. *Curry,* 249 F.3d at 503–04; *Hartsfield v. Vidor,* 199 F.3d 305, 308 (6th Cir.1999); *Freeman,* 196 F.3d at 643–44. The prisoner cannot "abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield,* 199 F.3d at 309. To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his § 1983 complaint any decision demonstrating the administrative disposition of his claims or describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.), *cert. denied,* 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000). "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Id.*

Flath failed to fully exhaust his administrative remedies. In his complaint, Flath asserted that he had presented his claims for all levels of administrative review, but he did not provide any evidence to support this assertion. In response, the defendants presented evidence that Flath had filed two Step I grievances, which raised his current complaints. However, after these grievances were denied, Flath did not appeal their denial to Step II or Step III of the administrative review process provided by the Michigan correctional system. Flath did attempt to file another grievance, labeled a Step III grievance, but it was returned to him because he had not pursued the first two steps for this grievance, and it was not an appeal of one of the other grievances. Flath has not presented any evidence or averments demonstrating that he actually did appeal the denial of his grievances. Since Flath abandoned the administrative review process before completion, he failed to fully exhaust his administrative remedies.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.