Raheem A. **MUHAMMAD**, as known as Alex Scott, Plaintiff–Appellant,

v.

Nancy **MARTENS**, et al., Defendants–Appellees.

No. 00–1116.

United States Court of Appeals, Sixth Circuit.

Aug. 7, 2001.

Before CLAY and GILMAN, Circuit Judges; WISEMAN, District Judge.*

This is an appeal from a district court's judgment for the defendants in this prisoner civil rights case. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On June 11, 1996, Michigan inmate Raheem Muhammad (also known as Alex Scott) filed a civil rights complaint in which he sought monetary damages and other relief from four corrections employees and officials in their official and individual capacities. The matter was eventually referred to a magistrate judge who concluded that the defendants were enti-

---

* The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

tled to summary judgment. The district court adopted this recommendation, over Muhammad's objections, and this appeal followed.

This court reviews an order granting summary judgment de novo. *See EEOC v. Northwest Airlines, Inc.*, 188 F.3d 695, 701 (6th Cir.1999). A de novo examination of the record and law supports the defendants' argument that they are entitled to have the present judgment vacated and the case remanded for Muhammad's failure to exhaust available administrative remedies.

On May 23, 1996, the district court received a prisoner civil rights complaint from Muhammad, an inmate at the State Prison of Southern Michigan ("SPSM"). In the complaint, filed on June 11, 1996, Muhammad claims that he suffered a series of First, Eighth and Fourteenth Amendment violations at the hands of the defendants, SPSM officials and employees, during the last quarter of 1995. Muhammad contends, in part, that defendants Frederick and Barber destroyed Muhammad's personal property and issued false misconduct tickets in September 1995 to Muhammad in retaliation for Muhammad's prison grievances. Muhammad also contends that SPSM Assistant Warden Pratt–Stephens failed to correct the situation when informed of the actions. The matter was referred to a magistrate judge who recommended that the defendants were entitled to have some of the claims dismissed for failure to state a claim for relief and to be awarded summary judgment on the remainder of the claims on the merits. The district court adopted these reports and recommendations, over Muhammad's objections, and this appeal followed.

On appeal, Muhammad asks this court to review the judgment in its entirety. The Michigan appellees defend the district court's decision in the alternative, but only after arguing with some force that they are entitled to have the judgment vacated and the matter returned to the district court for Muhammad to comply with the exhaustion provisions of Prison Litigation Reform Act ("PLRA").

After April 26, 1996, the effective date of the PLRA, 42 U.S.C. § 1997e(a) requires that a prisoner must exhaust all of his available administrative remedies before filing a § 1983 action in federal court, *see Brown v. Toombs*, 139 F.3d 1102, 1103–04 (6th Cir.1998), and the prisoner has the burden of demonstrating that he has exhausted these remedies. *See id.* at 1104. The prisoner must exhaust his remedies as to all claims arising from his confinement, including excessive force, equal protection, and other constitutional claims. *See Hartsfield v. Vidor*, 199 F.3d 305, 308 (6th Cir.1999). The prisoner is required to exhaust even if the only remedy he seeks, *e.g.*, monetary damages, is unavailable in the administrative process. *See Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his § 1983 complaint any decision demonstrating the administrative disposition of his claims. *See Wyatt v. Leonard*, 193 F.3d 876, 878 (6th Cir.1999); *Brown*, 139 F.3d at 1104. In the case at bar, Muhammad's complaint was received and filed after April 26, 1996, and he does not argue otherwise on appeal. Thus, the administrative exhaustion provisions of 42 U.S.C. § 1997e(a) would normally apply to his complaint.

While the administrative exhaustion requirement set forth in § 1997e(a) applies to Muhammad's case because he filed his complaint after April 26, 1996, he is required only to effect substantial compliance with that section because the events giving rise to his claim occurred before the effective date of the PLRA. *See*

**210**

*Wolff v. Moore,* 199 F.3d 324, 327–29 (6th Cir.1999); *Wyatt,* 193 F.3d at 879–80. This means that Muhammad must show that he made a good faith attempt to reach the appropriate prison official or officials in an effort to resolve his complaints internally. *See Wolff,* 199 F.3d at 327. The case will therefore be remanded to the district court so that it may dismiss the complaint without prejudice in order to give Muhammad a chance to demonstrate his substantial compliance with the administrative exhaustion requirement of the PLRA. *See Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.1999).

Accordingly, all pending motions are denied, the judgment is vacated and the cause is remanded for further proceedings consistent with this decision. Rule 34(j)(2)(C), Rules of the Sixth Circuit.