**Phillip Douglas JACOBS,
Plaintiff–Appellant,**

v.

**Reginald A. WILKINSON, et al.,
Defendants–Appellees.**

No. 00–3212.

United States Court of Appeals,
Sixth Circuit.

Aug. 8, 2001.

Before SUHRHEINRICH and SILER, Circuit Judges; HOOD, District Judge.*

Phillip Douglas Jacobs, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Jacobs sued the North Central Correctional Institute and several prison employees contending that the defendants filed a false conduct report against him, that he was placed in confinement without medical surveillance, that he was deprived of his medication, that his mail was destroyed, and that he was denied medical care. The district court dismissed the complaint for Jacobs's failure to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a).

In his timely appeal, Jacobs argues that the district court used the wrong standard of review in examining his complaint, that the complaint should not have been dismissed before it was served on the defendants, that the dismissal should have been made under Fed.R.Civ.P. 12(b)(3) rather than Fed.R.Civ.P. 56, and that the allegations contained in his amended complaint should relate back to his original complaint which would allow a second alleged constitutional violation to be deemed exhausted.

We review the district court's judgment de novo. *See Allen v. Mich. Dep't of Corr.,* 165 F.3d 405, 409 (6th Cir.1999).

Upon review, we conclude that the district court did not err in dismissing Ja-

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

cobs's complaint for failure to exhaust available administrative remedies. On February 19, 1998, Jacobs was charged with violating two rules. As a result, he was placed in segregation. The case was then referred to the Rules Infractions Board. Jacobs had a history of hypertension and high cholesterol for which he received three medications. While in the prison's general population, Jacobs was able to obtain his own medications from the pharmacy and medicate himself. However, since he was placed in segregation, prison regulations prohibited inmates from medicating themselves. The required medication is dispensed to segregated prisoners by nurses who make three rounds a day. While in segregation, Jacobs received two of his prescribed medications. He did not receive his cholesterol medication for the first three days he was in segregation. One week later, on February 27, 1998, the Board found Jacobs not guilty of the charges. Jacobs was then released from segregation and returned to the general population where he was permitted to medicate himself.

On September 29, 1998, Jacobs again received a conduct report for disobedience of a direct order and for being out of place. After Jacobs explained to the supervising officer that he had been out of place because he was waiting for pill call, the matter was dismissed. As a result of this discussion, Jacobs was delayed forty-five minutes in receiving his medication.

As for the February incident, the institution inspector received a grievance from Jacobs on June 29, 1998. The inspector determined that the matter was no longer grievable as the grievance was untimely. Jacobs appealed the decision to the chief inspector who affirmed the dismissal.

As for the September event, Jacobs sent an informal complaint resolution to the deputy warden. However, he did not attempt to resolve his complaint with a grievance, the next step in the administrative process.

Jacobs filed his initial complaint on September 29, 1998, as it related to the February incident. He filed an amended complaint on November 4, 1998, adding the September incident. The defendants moved for summary judgment because Jacobs had failed to exhaust his available administrative remedies. The district court subsequently granted summary judgment for the defendants and dismissed the complaint.

Under 42 U.S.C. § 1997e(a), prisoners who file lawsuits challenging the conditions of their confinement must allege and show that they have exhausted all available administrative remedies. *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001); *Brown v. Toombs*, 139 F.3d 1102, 1103–04 (6th Cir. 1998). A prisoner should attach to his complaint the administrative decisions, if available, showing the disposition of his complaint. *Brown*, 139 F.3d at 1103. Further, an inmate cannot simply fail to file a grievance or abandon the process before completion and then claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time barred under the regulations. *See Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir.1999).

As for the February incident, the facts establish that Jacobs filed a grievance with prison authorities. However, the grievance was dismissed as untimely. As to the September incident, Jacobs filed an informal complaint with the deputy warden. He did not file a formal complaint or pursue his remaining administrative remedies. As Jacobs did not exhaust his available administrative remedies as required under *Booth, Brown,* and *Hartsfield,* the com-

plaint had to be dismissed. Thus, the district court did not err in granting summary judgment to the defendants.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.