**Daniel HRYNCZYN, Plaintiff–
Appellant,**

v.

**Betty MITCHELL, Warden, et
al., Defendants–Appellees.**

No. 00–4320.

United States Court of Appeals,
Sixth Circuit.

Aug. 9, 2001.

Before SUHRHEINRICH and SILER,

Circuit Judges; HOOD, District Judge.*

## ORDER

Daniel Hrynczyn, a pro se Ohio prisoner, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Hrynczyn sued multiple prison officials contending that they violated his First, Eighth, and Fourteenth Amendment rights. He further claims that under Ohio law, the defendants committed the torts of assault and negligence. Hryndzyn's allegations stem from two events. The first concerned the removal of newspapers from the cells of prisoners in high security segregation. The second incident concerned Hrynczyn's refusal to be handcuffed which resulted in Hrynczyn's being physically removed from his cell. The district court dismissed the complaint because Hrynczyn failed to exhaust his available administrative remedies.

In his timely appeal, Hrynczyn argues that the district court erred in dismissing his complaint for failing to exhaust his available administrative remedies, by refusing to hear his state law claims, and by dismissing his request for injunctive relief before deciding the issues.

The district court's order is reviewed de novo. See Summar ex rel. Summar v. Bennett, 157 F.3d 1054, 1057 (6th Cir. 1998).

Hrynczyn states that the district court erred by dismissing this complaint for fail-

ure to exhaust. Hrynczyn noted that he had only thirty days from the date of the events to file his grievance. The incidents took place on July 15 and 16, 1997, and he filed his complaint on January 30, 1998. As such, his administrative remedies are now time barred. Thus, Hrynczyn claims that he has no administrative remedies to exhaust.

■■■ Prisoners desiring to bring civil rights claims must exhaust all available administrative remedies. See 42 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir.1998). The prisoner bears the burden of establishing exhaustion of administrative remedies. See Brown, 139 F.3d at 1104. To establish exhaustion, the plaintiff must allege that all available remedies have been exhausted and he should attach documentation to the complaint indicating the administrative disposition of any grievances that he filed. Id. When a prisoner has filed a civil rights complaint without first exhausting his administrative remedies, dismissal of the complaint is appropriate. See Freeman v. Francis, 196 F.3d 641, 645 (6th Cir.1999); Brown, 139 F.3d at 1104.

■■■ Hrynczyn claims that because his prison administrative remedies are now time barred, his remedies must be considered exhausted. This very argument was rejected in Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir.1999). Thus, Hrynczyn's attempt to excuse his failure to exhaust because his claims are now time barred under the prison regulations is without merit.

Hrynczyn also argues that the district court erred by dismissing his state law

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Ken-

tucky, sitting by designation.

claims. However, like his federal claims, Hrynczyn's state law claims must also be exhausted. *Id.* Thus, Hrynczyn's failure to exhaust his available administrative remedies requires that his complaint be dismissed.

Finally, Hrynczyn states that the district court should not have dismissed his request for injunctive relief without addressing the merits of his complaint. Since Hrynczyn had not exhausted his available administrative remedies, the complaint had to be dismissed. *Booth,* 121 S.Ct. at 1825.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.