**Charles E. WIGGINS, Plaintiff–Appellant,**

v.

**CORRECTIONS CORPORATION OF AMERICA, Defendant–Appellee.**

**No. 00–3825.**

United States Court of Appeals, Sixth Circuit.

Aug. 10, 2001.

Before MOORE and COLE, Circuit Judges; ROSEN, District Judge.*

Charles E. Wiggins, an Ohio prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On March 28, 2000, Wiggins and twelve inmates at the Northeast Ohio Correctional Center ("NOCC") filed a civil rights complaint alleging that subsequent to their arrival at NOCC, they were infected with the H. Pylori bacteria, which caused them to experience severe stomach pain, nausea, vomiting, and headaches. They also listed several potentially serious side effects, such as cancer, which could develop in an individual exposed to this illness. The plaintiffs claimed that they likely contracted this illness through food trays which have come in contact with fecal matter or through a contaminated water source. They asserted violations of the Eighth Amendment. The plaintiffs sought injunctive and monetary relief against the Corrections Corporation of America. The district court dismissed the complaint, without prejudice, pursuant to 42 U.S.C. § 1997e after concluding that the plaintiffs failed to exhaust their administrative remedies. This timely appeal followed.

Upon review, we conclude that the district court properly dismissed Wiggins's case because he did not exhaust his available administrative remedies. Under 42 U.S.C. § 1997e(f), a prisoner must exhaust all of his available administrative remedies before filing a § 1983 action in federal court, *see Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir.1998), and the prisoner has the burden of demonstrating that he has exhausted these remedies. *See id.* at 1104. Although money damages may not be available through the prison grievance process, Wiggins must still exhaust these remedies because the prison has an administrative system that will review his claims. *See Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001); *Freeman v. Francis,* 196 F.3d 641, 643 (6th Cir.1999); *Wyatt v. Leonard,* 193 F.3d 876, 878–79 (6th Cir.1999). Section 1997e(a) requires the prisoner to exhaust his administrative remedies prior to filing suit and, therefore, he can not exhaust these remedies during the pendency of the action. *See Freeman,* 196 F.3d at 645. Further, the prisoner can not abandon the process before completion and claim that he exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations. *See Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir.1999). To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should

---

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

attach to his § 1983 complaint any decision demonstrating the administrative disposition of his claims. *See Wyatt,* 193 F.3d at 878; *Brown,* 139 F.3d at 1104.

Wiggins has not met his burden of demonstrating that he exhausted all of his available administrative remedies. An inmate can exhaust administrative remedies in two ways. He might file the grievance and then appeal it through all administrative levels made available by the particular institution or government agency. Alternatively, he might attempt in good faith to follow the procedure and demonstrate that the institution or agency has completely frustrated the procedure and rendered further exhaustion efforts futile. Wiggins alleges neither method of exhaustion.

Accordingly, the district court's judgment is affirmed. See Rule 34(j)(2)(C), Rules of the Sixth Circuit.