**David W. WILLIAMS, Plaintiff–Appellant,**

v.

**Edward YOUNT; Douglas Fletcher; Doug Sapp; Lafreve, Dr.; Nurse Brock; Bryan Bolin, Defendants–Appellees.**

No. 01–5236.

United States Court of Appeals, Sixth Circuit.

Sept. 27, 2001.

Before SILER, CLAY, and GIBSON,* Circuit Judges.

David W. Williams, a Kentucky prisoner proceeding pro se, appeals a district court order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. Williams has filed a motion for a preliminary injunction. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously

agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking declaratory, injunctive, and monetary relief, Williams sued several prison officials and employees at the Bell County Forestry Camp in Pineville, Kentucky, claiming that the defendants have denied him access to the courts, denied his right to a grievance procedure, and demonstrated deliberate indifference to his serious medical needs. The district court dismissed the complaint, without prejudice, pursuant to 42 U.S.C. § 1997e, after concluding that Williams failed to exhaust his administrative remedies with regard to all of his claims. Williams's subsequent motions for reconsideration were denied. This appeal followed.

Upon review, we conclude that the district court properly dismissed Williams's case because he did not exhaust his available administrative remedies. Under 42 U.S.C. § 1997e(a), a prisoner must exhaust all of his available administrative remedies *before* filing a § 1983 action in federal court, *see Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir.1998), and the prisoner has the burden of demonstrating that he has exhausted these remedies. *See id.* at 1104. Although money damages may not be available through the prison grievance process, Mann must still exhaust these remedies because the prison has an administrative system that will review his claims. *See Booth v. Churner,* 531 U.S. 956, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001); *Freeman v. Francis,* 196 F.3d 641, 643 (6th Cir.1999); *Wyatt v. Leonard,* 193 F.3d 876, 878–79 (6th Cir.1999). Section 1997e(a) requires the prisoner to exhaust his administrative remedies prior to filing suit and, therefore, he can not exhaust these remedies during the pendency of the

---

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

action. *See Freeman,* 196 F.3d at 645. Further, the prisoner can not abandon the process before completion and claim that he exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations. *See Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir.1999). To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his § 1983 complaint any decision demonstrating the administrative disposition of his claims. *See Wyatt,* 193 F.3d at 878; *Brown,* 139 F.3d at 1104.

Williams has not met his burden of demonstrating that he exhausted all of his available administrative remedies regarding his claims against the defendants for the reasons stated by the district court in its memorandum opinion and order filed December 1, 2000. If Williams has now exhausted his administrative remedies, he can indeed refile his complaint on the grounds stated therein.

Accordingly, the motion for a preliminary injunction is denied, and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.