**John L. WRIGHT, Plaintiff–Appellant,**

v.

**R. KELLOUGH; Beth Howison; Charles McKee, Defendants–Appellees.**

No. 01–3468.

United States Court of Appeals, Sixth Circuit.

Dec. 5, 2001.

Before KENNEDY, MOORE, and COLE, Circuit Judges.

*ORDER*

John L. Wright, an Ohio prisoner proceeding pro se, appeals the district court judgment dismissing his civil rights action for failure to exhaust administrative remedies. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Wright sued prison employees R. Kellough, Charles McKee, and Beth Howison in January 1999. Wright alleged that the defendants violated his constitutional rights by: (1) filing a false misconduct report against him; (2) removing him from his job in the prison law library; (3) retaliating against him for assisting inmates with their legal work; and (4) confiscating two items from his Christmas food box. The defendants moved to dismiss the complaint for failure to exhaust administrative remedies. *See* 42 U.S.C. § 1997e(a). The district court granted the motion and dismissed the complaint without prejudice.

In his timely appeal, Wright argues the merits of his complaint but does not address the question of exhaustion of administrative remedies.

This court reviews the district court's interpretation of the Prison Litigation Reform Act (PLRA) de novo. *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997).

Upon review, we conclude that the district court properly dismissed Wright's complaint. The PLRA requires prisoners bringing actions concerning prison conditions under 42 U.S.C. § 1983 or other federal law to exhaust all available administrative remedies before suing in federal court. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 1823, 149 L.Ed.2d 958 (2001). Ohio's prison grievance procedure is exhausted by appealing a grievance to the chief inspector of institutional services. *See* Ohio Admin. Code § 5120-9-31(H). In his complaint, Wright described actions that the defendants allegedly took against him but did not attach any grievances or even specify when these events took place. From the documents Wright attached in response to the defendants' first motion to dismiss, it appears that Wright appealed a March 13, 1997, grievance to the inspector of institutional services but not the chief inspector. Thus, Wright did not show that he exhausted his remedies before filing suit. Because Wright failed to comply with the requirements of the PLRA, the district court properly dismissed his complaint without prejudice. *See Hartsfield v. Vidor,* 199 F.3d 305, 310 (6th Cir.1999).

For the foregoing reasons, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.