### Anthony Eugene WILLIAMS, Plaintiff-Appellant,

v.

### JEFFERSON COUNTY CIRCUIT COURT CLERK, et al., Defendants-Appellees.

No. 01–5885.

United States Court of Appeals, Sixth Circuit.

March 29, 2002.

### ORDER

Anthony Eugene Williams, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Williams filed a complaint against various public officials and agencies, including the Jefferson County Circuit Court Clerk, the Jefferson County Jail Records Clerk, and the Kentucky Department of Corrections Records Clerk. Williams's allegations essentially concern his alleged wrongful transfer from

---

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

one correctional facility to another and the treatment he received during that process. Williams claimed that the defendants' actions violated his Fourth, Fifth, Thirteenth and Fourteenth Amendment rights. Initially, the court granted motions to dismiss filed by the Jefferson County Circuit Court Clerk, the Jefferson County Jail Records Clerk, and the Kentucky Department of Corrections Records Clerk, in part, because Williams did not identify any evidence demonstrating specific wrongs perpetrated by these defendants. Thereafter, the district court granted Williams's motion to amend his complaint to add several new defendants, each of whom is employed as a corrections official. Several of the defendants moved to dismiss the complaint because Williams had not exhausted his administrative remedies, and the court sua sponte raised the same issue for the non-moving parties. The court dismissed the complaint, without prejudice, for lack of exhaustion.

Williams has filed a timely appeal, arguing that the district court improperly dismissed his complaint for failure to exhaust. He also requests the appointment of counsel.

 Upon review, we conclude that the district court properly dismissed Williams's claims for failure to exhaust his administrative remedies for the reasons stated by the district court in its April 5, 2001, order. *See Curry v. Scott,* 249 F.3d 493, 503 (6th Cir.2001). Williams simply did not meet his burden of establishing that he had exhausted all of his available administrative remedies before filing his § 1983 complaint. *See Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir.1998). Furthermore, Williams was required to exhaust his administrative remedies, even though he sought monetary damages. *See Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 1822–25, 149 L.Ed.2d 958 (2001). Williams did not exhaust his remedies be-

cause, even though he initiated an informal grievance, he did not complete the formal grievance process. *Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir.1999). Instead, he signed a form indicating that he was satisfied with the outcome of the informal grievance process. Although Williams denies that he agreed that his grievance had been resolved satisfactorily, he does not deny having signed the form, which clearly reflects that the grievance had been resolved satisfactorily. Moreover, Williams has not presented any documents that would show that he had filed any other grievances or that he had pursued any grievance through the end of the grievance process.

Accordingly, we deny the appointment of counsel and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.