**Torrey Dawon CROSS, Plaintiff–Appellant,**

v.

**Michael HORTON, Chief of Corrections, et al., Defendants–Appellees.**

**No. 03–5579.**

United States Court of Appeals, Sixth Circuit.

Oct. 30, 2003.

Torrey Dawon Cross, pro se, Louisville, KY, for Plaintiff–Appellant.

Before: NORRIS, BATCHELDER, and COLE, Circuit Judges.

### ORDER

Torrey Dawon Cross, a Kentucky prisoner proceeding pro se, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Cross, a pre-trial detainee, brought this action against sixteen employees of the Jefferson County Jail ("JCJ") in their individual capacities. Cross claims that defendants Michael Horton and Joe Payne violated his First and Fourteenth Amendment rights when they allowed Cross to be assaulted, when they allowed Cross to be housed in a cell with human feces, and when they failed to address Cross's grievances. As to defendants Grace Smith, Major Daniels, and Edmonds, Cross claims that they violated his First and Fourteenth Amendment rights when they allowed him to be placed in a cell with human feces and when they failed to address his grievances. Cross claims that defendants Williams, Olaughlin, and Bramlette violated his Fourteenth Amendment rights when they allowed him to be placed in and remain in a cell which had human feces from an HIV-infected inmate. As to defendants Deeks, Baker, and Glascow, Cross claims that they violated Cross's Fourteenth Amendment rights when they allowed Cross to be placed in a cell that had human feces from an HIV-infected inmate. Cross claims that defendant DeLong violated his Fourteenth Amendment rights when he allowed Cross to remain in a cell that had feces from an HIV-infected inmate and when defendant DeLong fed Cross through his food slot which contained feces. As to defendant Northington–Woley, Cross claims that she violated his First Amendment rights when she did not allow his grievances to be addressed on time. Cross claims that defendants Macumber and Fowler violated his Fourteenth Amendment rights by assisting others in assaulting him. As to defendant Dijournette, Cross claims that he violated Cross's Fourteenth Amendment rights when he assaulted Cross and when he placed Cross in a cell with feces from an HIV-infected inmate. Cross sought injunctive and monetary relief. The district court dismissed the complaint without prejudice after concluding that Cross failed to exhaust his administrative remedies. This appeal followed.

Upon review, we conclude that the district court properly dismissed Cross's case because he did not exhaust his available administrative remedies. Under 42 U.S.C. § 1997e(a), a prisoner must exhaust all of his available administrative remedies *before* filing a § 1983 action in federal court, *see Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir.1998), and the prisoner has the

burden of demonstrating that he has exhausted these remedies. *See id.* at 1104. Although money damages may not be available through the prison grievance process, Cross must still exhaust these remedies because the prison has an administrative system that will review his claims. *See Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001); *Freeman v. Francis,* 196 F.3d 641, 643 (6th Cir.1999); *Wyatt v. Leonard,* 193 F.3d 876, 878–79 (6th Cir.1999). Section 1997e(a) requires the prisoner to exhaust his administrative remedies prior to filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. *See Freeman,* 196 F.3d at 645. Further, the prisoner cannot abandon the process before completion and claim that he exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations. *See Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir.1999). To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his § 1983 complaint any decision demonstrating the administrative disposition of his claims. *See Wyatt,* 193 F.3d at 878; *Brown,* 139 F.3d at 1104.

The JCJ has an inmate grievance procedure in place. All inmates receive a written copy and an oral explanation of the grievance procedure at orientation. An inmate is required to attempt to informally resolve a grievance. If the grievance is unable to be resolved informally, the inmate may submit a formal written grievance. The grievance procedure contains a section describing how either the inmate or a staff member may obtain an extension of time. Additionally, the procedure states that absent an extension, expiration of response time limits entitles the inmate to move on to the next step in the review process.

Cross has failed to exhaust his administrative remedies because he does not state that he went any further than presenting his grievances to the initial stage of the process. He states that he filed four grievances but received no response. There is no indication in the complaint that he moved to the next step in the grievance process, a right he has according to the grievance procedure, after the expiration of the response time limit. Furthermore, based on the dates the grievances were filed and the date the complaint was filed, just five or six days later, it is clear that Cross did nothing more than avail himself of the initial stage of the grievance procedures. Thus, he did not pursue his claims through the final level of the grievance process as he is required to do. *See Hartsfield,* 199 F.3d at 309. Additionally, Cross's grievances include only the names of some of the defendants, defendants Northington–Woley, Dijournette, DeLong, Baker, Daniels, Fowler, and Macumber. The remaining defendants are not mentioned in any of the grievances. Thus, as to the unnamed defendants, Cross has not exhausted each claim as to each defendant as he is required to do. *Curry v. Scott,* 249 F.3d 493, 505 (6th Cir.2001); *Hartsfield,* 199 F.3d at 309.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.