**Glenn Larry WILLIAMS,**
**Plaintiff–Appellant,**

v.

**FEDERAL BUREAU OF PRISONS;**
**George Snyder, Warden,**
**Defendants–Appellees.**

No. 03–5805.

United States Court of Appeals,
Sixth Circuit.

Jan. 29, 2004.

Glenn Larry Williams, Lexington, KY, Pro se.

Before SUHRHEINRICH and CLAY, Circuit Judges; and GWIN, District Judge.*

### ORDER

Glenn Larry Williams, a federal prisoner proceeding pro se, appeals the district court order dismissing his civil rights action construed as filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking nineteen million dollars in damages and other relief, Williams sued the Federal Bureau of Prisons (BOP) and Warden George Snyder of the Federal Medical Center at Lexington, Kentucky. Williams alleged that the defendants violated his Eighth Amendment rights when they failed to provide him with adequate medical care. The district court ordered Williams to supply information demonstrating that he had exhausted his administrative remedies. Williams submitted a form indicating that he had not presented his claims through the prison's grievance procedure because of his physical and mental condition. The district court dismissed the complaint without prejudice for failure to exhaust administrative remedies. *See* 42 U.S.C. § 1997e(a).

On appeal, Williams reasserts his district court claims. He does not address the issue of exhaustion of administrative remedies.

We review de novo the dismissal of a prisoner civil rights complaint for failure to exhaust administrative remedies. *White v. McGinnis,* 131 F.3d 593, 595 (6th Cir.1997).

Upon review, we affirm the district court's decision for the reasons stated by the district court. The Prison Litigation Reform Act requires state and federal prisoners bringing actions concerning prison conditions under 42 U.S.C. § 1983 or other federal law to exhaust all available administrative remedies before suing in federal court. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). The prisoner has the burden of demonstrating that he has exhausted these remedies. *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998) (per curiam). Unexhausted claims should be dismissed without prejudice. *Hartsfield v. Vidor,* 199 F.3d 305, 310 (6th Cir.1999).

Williams did not show that he exhausted his administrative remedies before filing his district court complaint. Indeed, he admitted that he did not. In his original complaint and in response to the district court's order, Williams wrote that he did not file any grievances with the BOP because of his handicap and mental capacity. Williams apparently suffered a stroke in April 2002 while incarcerated at FMC–Lexington. He believed that he did not receive proper care, and wrote to members of Congress to demand an investigation. Williams's efforts to contact Congressmen belie his assertion that he was incapable of complying with the BOP's grievance procedure. In any event, Williams may be able to re-file his complaint after exhausting administrative remedies because the district court dismissed the case without prejudice.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C),

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

Rules of the Sixth Circuit. All pending motions are denied.