Robert Farrington **TRUSS–EL,**
Plaintiff–Appellant,

v.

Barbara **BOUCHARD, et al.,**
Defendants–Appellees.

No. 03–1084.

United States Court of Appeals,
Sixth Circuit.

June 18, 2004.

Robert Farrington Truss–El, Baraga, MI, pro se.

Before: KRUPANSKY, RYAN, and COLE, Circuit Judges.

### ORDER

Robert Farrington Truss–El, a Michigan prisoner proceeding pro se, appeals the district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Truss–El sued Warden Barbara Bouchard, Deputy Warden D. Bergh, Resident Unit Officer (RUO) Masters, RUO Hall, Registered Nurse Monroe, RUO Wickstrom, Resident Unit Manager (RUM) G. Ordiway, Sergeant Tim Hares, Grievance Coordinator W. Trierweiler, RUO Betz, RUM C. Bauman, C. Utterback, Dr. Badawi Abdellatif, RUO Tyner, RUO Kentiz, Case Manager Gergh, RUO Sego, and Corrections Officer Pinkerton. Truss–El alleged that the defendants violated his rights under the First and Eighth Amendments and the Due Process Clause by placing him on upper slot restriction, forcing him to kneel to receive his meals and anti-seizure medication, tampering with his food, stealing or damaging his mail and personal property, filing false misconduct reports against him, torturing him, refusing to provide him with his anti-seizure medicine, and interfering with his legal mail. He named the defendants in

their individual and official capacities. The district court granted Truss–El in forma pauperis status, screened the complaint, and dismissed it in its entirety. *See* 28 U.S.C. § 1915(e)(2). The court held that most of Truss–El's allegations failed to state a claim, and that Truss–El had failed to exhaust his administrative remedies with respect to the charges that stated a claim for relief.

On appeal, Truss–El appears to reassert his district court claims. He also has moved to file a supplemental pleading under Fed.R.Civ.P. 15(d).

Initially, we note that Truss–El wants the following defendants dismissed from the case: Bauman, Utterback, Tyner, Kentiz, Gergh, and Ordiway. Accordingly, he has waived any claim he might have had against those named defendants.

We review de novo a district court's decision to dismiss under 28 U.S.C. § 1915(e)(2). *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). Upon review, we affirm the district court's order for the reasons stated by the district court.

■ First, the district court properly held that Truss–El failed to exhaust his administrative remedies for each of his claims. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Truss–El alleged that Monroe denied him his anti-seizure medication for several days when he was incarcerated at the Alger Correctional Facility. There are two grievances in the record that appear to relate to these incidents, but Truss–El did not provide proof that he appealed the denial of these grievances. Thus, even though Truss–El's allegations against Monroe may state a claim, the district court properly dismissed them without prejudice for failure to exhaust administrative remedies. *See Hartsfield v. Vidor,* 199 F.3d 305, 310 (6th Cir.1999).

■ Second, the district court properly held that Truss–El's remaining allegations failed to state a claim. Truss–El's allegations about the conditions of his confinement were conclusory and did not amount to the deprivation of basic human needs under the Eighth Amendment. *See Rhodes v. Chapman,* 452 U.S. 337, 347–48, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); *Kensu v. Haigh,* 87 F.3d 172, 175–76 (6th Cir.1996). With respect to his proposed retaliation claim, Truss–El's speculation that prison staff at one prison retaliated against him because of his behavior at another prison did not suffice to establish a constitutional claim. *See Crawford–El v. Britton,* 523 U.S. 574, 588, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998); *Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999) (en banc). In addition, Truss–El had no claim based upon the alleged interference with his legal mail because he did not demonstrate any prejudice to pending or contemplated litigation. *See Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

■ Turning to Truss–El's attack on his misconduct charges, he cannot challenge the charges in a § 1983 action because he did not demonstrate that the convictions had been overturned. *See Edwards v. Balisok,* 520 U.S. 641, 645–48, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). Truss–El had no claim based upon the alleged theft of his property because the alleged theft was unpredictable, pre-deprivation process was impracticable, the defendants were not authorized to take the action, and Truss–El did not allege that he attempted any post-deprivation remedies or that they were inadequate. *See Zinermon v. Burch,* 494 U.S. 113, 136–39, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); *Parratt v. Taylor,* 451 U.S. 527, 543–44, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams,* 474

U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

Finally, the district court dismissed the complaint against several defendants because Truss–El did not allege that they were directly involved or acquiesced in alleged misconduct. *See Taylor v. Mich. Dep't of Corr.,* 69 F.3d 76, 80–81 (6th Cir. 1995). Of those, only Bouchard, Wickstrom, Betz, and Abdellatif remain after Truss–El's request to dismiss defendants from the appeal. We agree with the district court that Truss–El did not allege sufficient facts to state claims against these defendants.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit. All pending motions are denied.