**Ester JONES, Plaintiff–Appellant,**

v.

**Wayne DOUGLAS; Donal Campbell, Commissioner, Tennessee Department of Correction; David Mills, Warden; Tennessee Department of Correction, Defendants–Appellees.**

No. 03–6202.

United States Court of Appeals, Sixth Circuit.

Aug. 5, 2004.

Ester Jones, Nashville, TN, pro se.

Arthur Crownover, II, Asst. Atty. General, Office of the Attorney General, Nashville, TN, for Defendants–Appellees.

Before CLAY and GILMAN, Circuit

Judges; and O'MALLEY, District Judge.*

### ORDER

Ester Jones, a pro se Tennessee prisoner, appeals a district court's orders (1) dismissing without prejudice his civil rights complaint for failure to exhaust his administrative remedies under 42 U.S.C. § 1997e(a), and (2) denying his motion to alter, amend, or vacate judgment, under Fed.R.Civ.P. 59(e). His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Jones filed this civil rights action, pursuant to 42 U.S.C. § 1983, seeking monetary, declaratory, and injunctive relief against Wayne Douglas, the warden of the Mark H. Luttrell Reception Center; Donal Campbell, the Commissioner of Correction for the Tennessee Department of Correction; David Mills, the warden of the Brushy Mountain Prison Complex; and the Tennessee Department of Correction (collectively, "the defendants"). Jones asserted that, after his incarceration, the parole requirements were modified to provide that inmates in segregation were not entitled to a parole eligibility hearing or to petition the parole board for an expedited parole eligibility hearing. As a result, Jones alleged that his constitutional rights under the Ex Post Facto Clause and Due Process Clause were violated when the defendants placed him in administrative segregation, which precluded him from receiving his scheduled parole hearing and from having future hearings.

The defendants moved to dismiss Jones's complaint without prejudice because Jones failed to exhaust his administrative remedies under 42 U.S.C. § 1997e(a). Specifically, the defendants asserted that Jones had two administrative remedies available for pursuing his claims: (1) the Sentence Information Services process ("SIS process"), and (2) Tennessee Department of Correction Policy ("TDCP") ## 401.05 and 401.08. Jones moved for a stay before the district court, conceded that he failed to exhaust his administrative remedies, set forth four avenues of administrative relief available to him, and stated that he had intended to rely on the doctrine of futility.

The district court dismissed Jones's complaint without prejudice for failure to exhaust administrative remedies. Jones timely moved to alter, amend, or vacate the judgment, pursuant to Fed.R.Civ.P. 59(e), alleging that his petition for declaratory order filed with Campbell satisfied the exhaustion requirement under § 1997e(a). Jones further alleged that it was futile for him to exhaust his administrative remedies under the avenues provided by the defendants because: (1) the SIS process dealt exclusively with the computation of sentencing issues, not matters of parole; (2) TDCP ## 401.05 and 401.08 covered reclassification issues, not the inability to obtain a parole eligibility hearing; and (3) under the general grievance procedures, parole eligibility issues were deemed "non-grievable" and summarily dismissed. Jones also noted that while he previously conceded that he did not exhaust his futile remedies, he did not concede that he had failed to exhaust his available remedy, namely, the petition for a declaratory order.

The district court denied Jones's motion to alter, amend, or vacate the judgment.

---

* The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

Jones timely appealed. Fed. R.App. P. 4(a)(1)(A).

On appeal, Jones argues that the district court erred in dismissing his complaint without prejudice and denying his motion to alter, amend, or vacate the judgment, because (1) he attempted to exhaust the remedies available to him by filing a petition for declaratory order, and (2) it is futile for him to exhaust the remedies available to him through the prison grievance procedures.

We review de novo the district court's dismissal of a suit for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a). *Curry v. Scott,* 249 F.3d 493, 503 (6th Cir.2001). We review the district court's denial of a motion to alter, amend, or vacate a judgment for abuse of discretion. *Hansmann v. Fidelity Invs. Inst. Servs. Co.,* 326 F.3d 760, 766 (6th Cir. 2003).

Under the Prison Litigation Reform Act of 1995, Pub.L. No. 104–134, 110 Stat. 1321 (1996), a prisoner must exhaust all of his available administrative remedies before filing a § 1983 action in district court. *Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir.1998). In *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001), the Supreme Court held that administrative exhaustion under § 1997e(a) was required when an inmate sought monetary damages, even if the prison's internal grievance procedures did not permit the relief the prisoner sought. *Id.* at 741. Though the Supreme Court specified that it was deciding only the issue before it, it stressed that it would "not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Id.* at 741 n. 6. Futile claims include those claims where there is an inadequate administrative remedy. *See Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir.2001). Thus, under *Booth,*

even futile claims must be exhausted under § 1997e(a) before filing a § 1983 complaint. *Booth,* 532 U.S. at 738. Additionally, a prisoner cannot claim that it was futile for him to exhaust his administrative remedies because he abandoned the process without seeking all available avenues of relief. *See Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir.1999).

Jones conceded below that there were administrative remedies available to him which he did not pursue. Thus, the district court did not err in dismissing his complaint without prejudice for failure to exhaust his administrative remedies or abuse its discretion in denying his motion to alter, amend, or vacate judgment, under Fed.R.Civ.P. 59(e). Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.