**Fulton BOYD, named as "Fulton Boyd–X" on complaint, Plaintiff–Appellant,**

v.

**Willie RAY, Lt., also named as "Lt. William Ray", in his individual and official capacity, et al., Defendants–Appellees.**

No. 00–1377.

United States Court of Appeals, Sixth Circuit.

Aug. 27, 2001.

Before KRUPANSKY, SUHRHEINRICH, and SILER, Circuit Judges.

## ORDER

Fulton Boyd, also known as Fulton Boyd–X, a Michigan prisoner proceeding pro se, appeals the district court order dismissing his complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Boyd sued corrections officers, assistant deputy wardens, disciplinary hearing staff, and the grievance coordinator for Ionia Maximum Facility where he is incarcerated. Boyd alleged that the defendants: (1) used excessive force against him in violation of his Eighth Amendment rights; (2) retaliated against him for telling other inmates to file grievances; (3) conspired to violate his civil rights; (4) assaulted him; and (5) filed a false misconduct charge against him. The magistrate judge granted Boyd in forma pauperis status. The district court dismissed Boyd's complaint without prejudice for failure to exhaust administrative remedies. See 42 U.S.C. § 1997e(a). The court also denied Boyd's motion to alter or amend the judgment. See Fed.R.Civ.P. 59(e).

In him timely appeal, Boyd argues that he exhausted the administrative remedies available to him because: (1) the grievance coordinator did not process the grievances Boyd filed and prison officials did not respond to the letters he wrote; and (2) disciplinary charges are not grievable under the prison's grievance procedure. He has also moved to supplement the pleadings.

This court reviews the district court's interpretation of the Prison Litigation Reform Act ("PLRA") de novo. McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997).

Upon review, we conclude that the district court properly dismissed Boyd's complaint without prejudice for failure to exhaust available administrative remedies. See 42 U.S.C. § 1997e(a); Booth v. Churner, 531 U.S. 956, 121 S.Ct. 1819, 1823, 149 L.Ed.2d 958 (2001); Wyatt v. Leonard, 193 F.3d 876, 877 (6th Cir.1999). The grievances Boyd attached to his complaint showed no sign of having been received or filed by the grievance coordinator, nor did Boyd allege or show that he appealed the grievances through the Michigan Department of Corrections' ("MDOC") grievance procedure. Thus, he failed to carry his burden of demonstrating that he had exhausted his remedies. See Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998). Boyd cannot claim that it was futile for him to exhaust his administrative remedies because he abandoned the process without seeking all available avenues of relief. See Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir.1999).

Boyd's argument that disciplinary charges are not grievable under the prison's grievance procedure is unavailing. He is correct that MDOC policy does not permit an inmate to file a grievance concerning the decision of a hearing officer. MDOC Policy Directive 03.02.130, ¶ RR. However, Boyd's claims do not involve the hearing officer's decision. Indeed, he was found not guilty of the major misconduct charge would be rejected because of the policy against grieving hearing officers' decisions is only conjecture. Boyd has not shown that, in his case, he had no remaining administrative remedies.

For the foregoing reasons, we deny Boyd's motion to supplement the record and affirm the district court's order dismissing Boyd's complaint without prejudice. Rule 34(j)(2)(C), Rules of the Sixth Circuit.