Fred E. DEAN, Plaintiff–Appellant,

v.

Cheryl ODOM, Nursing Supervisor; Angie Weir, Nurse; Prison Health Services; Donal Campbell; Jim Rose; Bob Bradford; Ricky Bell; Robert Waller; Sandra Green; Becky Matheny; Larry Woodley; Leon Olenick; F/N/U Boettcher; Gen Allen, Defendants–Appellees.

Nos. 00–6084, 00–6087.

United States Court of Appeals, Sixth Circuit.

Sept. 17, 2001.

Before DAUGHTREY and GILMAN, Circuit Judges; COHN, District Judge .*

Fred. E. Dean, a Tennessee prisoner proceeding pro se, appeals a district court order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. Dean has also filed a motion to strike his deposition from the record. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Dean filed this action against the defendants: Prison Health Services, Inc., a private health care provider; Donal Campbell, Commissioner of the Tennessee Department of Corrections ("TDOC"); Cheryl Odom, Angie Weir, and Sandra Green, who are nurses at the River Bend Maximum Security Institution, alleging that the defendants violated his rights under the Eighth Amendment. According to the allegations in the complaint, Dean was diagnosed with tuberculosis in September 1996. On March 19, 1997, Dean was transferred to Riverbend Maximum Security Institution. Dean informed Nurses Weir and Green that he was taking prescription medication on a daily basis. Despite his repeated requests to Nurses Weir and Green, Dean was not given his medication until March 23, 1997. Other parties were eventually added to this lawsuit (Jim Rose, Bob Bradford, Ricky Bell, Robert Waller, Becky Matheny, Larry Woodley, Leon Olenick, F/N/U

Boettcher, and Gen Allen). Dean sued all of the defendants in their individual and official capacities and sought injunctive and monetary relief.

In an order entered May 29, 1997, the district court dismissed the claims against defendant Odom as frivolous pursuant to 28 U.S.C. § 1915A(a), (b)(1)-(2). The remaining defendants filed a motion to dismiss citing Dean's failure to exhaust his administrative remedies prior to filing this lawsuit. Attached to the defendants' motion was a copy of the TDOC grievance procedures under which "Diagnoses by medical professionals" are not grievable, but matters relating to the denial of prescribed medications, such as here, are covered. In an order entered June 30, 2000, the district court granted the defendants' motion and dismissed the complaint, without prejudice, due to Dean's failure to exhaust his administrative remedies. Dean filed a motion to alter or amend judgment on July 10, 2000. The district court denied the motion to alter or amend judgment in a marginal order entered July 13, 2000. Dean filed a notice of appeal from this decision on July 28, 2000 (appeal No. 00–6084), and a second notice of appeal on August 7, 2000 (appeal No. 00–6087).

On appeal, Dean argues that the district court erred when the court dismissed his complaint for failure to exhaust his administrative remedies. He also argues that 42 U.S.C. § 1997c is an affirmative defense which the defendants waived. Lastly, he argues that the district court erred when the court denied his motion for counsel and motion to amend the complaint.

Initially, we must address the defendants' motion to dismiss. The defendants

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

have filed a motion to dismiss appeal No. 00–6084 as duplicative of 00–6086. Although appeal No. 00–6086 is related to the herein appeal, it is a separate case. In appeal No. 00–6086, Dean filed suit alleging similar acts and omissions against a different set of TDOC employees. The two cases had originally been consolidated in the district court but were eventually deconsolidated. Thus, appeal No. 00–6084 is not duplicative of appeal No. 00–6086. However, we note that the second notice of appeal filed on August 7, 2000 (appeal No. 00–6087) is duplicative of the notice of appeal filed on July 28, 2000 (appeal No. 00–6084). Furthermore, Dean's appellate briefs filed in appeal Nos. 00–6084 and 00–6087 are identical and address only the district court's dismissal of the *Dean v. Odom, et al.* for failure to exhaust administrative remedies. Therefore, we dismiss appeal No. 00–6087 as duplicative of appeal No. 00–6084.

The standard of review for this court in deciding whether the district court was correct in granting a motion to dismiss is *de novo. See Miller v. Currie,* 50 F.3d 373, 377 (6th Cir.1995). The complaint should be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Upon review, we conclude that the district court properly dismissed Dean's case because he did not exhaust his available administrative remedies. Under 42 U.S.C. § 1997e(a), a prisoner must exhaust all of his available administrative remedies before filing a § 1983 action in federal court, *see Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir.1998), and the prisoner has the burden of demonstrating that he has exhausted these remedies. *See id.* at 1104. Although money damages may not · be available through the prison grievance process, Dean must still exhaust these remedies because the prison has an administrative system that will review his claims. *See Booth v. Churner,* 531 U.S. 956, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001); *Freeman v. Francis,* 196 F.3d 641, 643 (6th Cir.1999); *Wyatt v. Leonard,* 193 F.3d 876, 878–79 (6th Cir.1999). Section 1997e(a) requires the prisoner to exhaust his administrative remedies prior to filing suit and, therefore, he can not exhaust these remedies during the pendency of the action. ·*See Freeman,* 196 F.3d at 645. Further, the prisoner can not abandon the process before completion and claim that he exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations. *See Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir.1999). To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his § 1983 complaint any decision demonstrating the administrative disposition of his claims. *See Wyatt,* 193 F.3d at 878; *Brown,* 139 F.3d at 1104.

In the section of his original complaint on the issue of exhaustion of administrative remedies, Dean admitted that there was a grievance procedure at his institution, but states that he declined to pursue the grievance procedure because the grievance board did not hear "any grievances dealing with medical problems." The TDOC grievance procedure quoted above applies to Dean's grievance that his prescribed medications were not provided. Thus, the claims in his complaint are covered by the TDOC grievance procedure and the complaint was properly dismissed because clearly Dean· did not exhaust TDOC's administrative grievance procedure before filing his complaint. The remaining arguments on appeal are without merit.

**330**

Accordingly, the motion to strike Dean's deposition from the record is denied, the defendant's motion to dismiss appeal No. 00–6084 (*Dean v. Odom, et al.*) as duplicative of appeal No. 00–6086 is denied but granted insofar as appeal No. 00–6087 is duplicative of appeal No. 00–6084, and the district court's order dismissing the complaint for failure to exhaust administrative remedies is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.