**Fred E. DEAN, Plaintiff–Appellant,**

v.

**Cheryl ODOM, Nursing Supervisor, et al., Defendants–Appellees.**

No. 02–5325.

United States Court of Appeals, Sixth Circuit.

Sept. 13, 2002.

Before BOGGS and COLE, Circuit Judges; BATTANI, District Judge.[*]

*ORDER*

Fred E. Dean, a pro se Tennessee prisoner, appeals a district court's order awarding costs to the defendants. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, Dean filed a complaint against several Tennessee prison officials pursuant to 42 U.S.C. § 1983, asserting that he was denied medical care. After lengthy proceedings, the district court dismissed the complaint in 2000 because Dean had failed to exhaust his administrative remedies. This court affirmed the district court's decision for the reasons stated by the district court. *Dean v. Odom,* 19 Fed.Appx. 327 (6th Cir.2001) (unpublished).

---

[*] The Honorable Marianne O. Battani, United States District Judge for the Eastern District of Michigan, sitting by designation.

Following this court's decision, the defendants filed a motion in this court, on October 5, 2001, and then another motion in the district court, on November 7, 2001, to recover the costs of the attorney's fees on appeal pursuant to 42 U.S.C. § 1988. On November 8, 2001, this court issued an order in which it declined to award fees because the appeal "was not obviously without merit or prosecuted only to delay or harass." The district court, however, came to an opposite conclusion and awarded $710.00 in attorney's fees to the defendants on February 19, 2002, despite Dean's protests that this court had previously denied the motion. Dean moved to reconsider, but the district court denied his motion in a marginal order.

In his timely appeal, Dean argues that the district court's order violates the law of the case doctrine.

This court reviews an award of attorney's fees under § 1988 for an abuse of discretion. *Hadix v. Johnson*, 65 F.3d 532, 534–35 (6th Cir.1995). An abuse of discretion occurs when the reviewing court is firmly convinced that a mistake has been made. *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir.1995).

Upon review, we conclude that the district court abused its discretion. "Under the law of the case doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court in the same case." *Bowling v. Pfizer, Inc.*, 132 F.3d 1147, 1150 (6th Cir.1998). A court may reexamine an issue under extraordinary circumstances such as the discovery of new evidence, an intervening change of law, and where the first decision was in error and will work substantial injustice. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988); *Miles v. Kohli & Kaliher Assocs., Ltd.*, 917 F.2d 235, 241 (6th Cir. 1990).

The law of the case doctrine barred the district court from awarding attorney's fees to the defendants because this court previously had denied attorney's fees and no extraordinary circumstance existed which justified reexamination of the issue.

Accordingly, the district court's order is vacated. Rule 34(j)(2)(C), Rules of the Sixth Circuit.