**Ronald ROBINSON, Plaintiff–Appellant,**

v.

**J.P. YOUNG, Warden, et al., Defendants–Appellees.**

No. 00–6127.

United States Court of Appeals, Sixth Circuit.

Sept. 26, 2001.

Before SILER, CLAY, and GIBSON,* Circuit Judges.

Ronald Robinson, a pro se federal prisoner, appeals the district court order dismissing his case construed as filed pursuant to the doctrine announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Robinson sued Warden J.P. Young and seventeen other employees of the Federal Correctional Institute in Memphis, Tennessee. He raised over twenty claims concerning the conditions of his confinement, including discrimination, the denial of access to the courts, and improper disciplinary charges. The district court screened the complaint, ordered Robinson to file a proper application for in forma pauperis status, and dismissed the case with prejudice for failure to exhaust administrative remedies. *See* 42 U.S.C. § 1997e(a).

In his timely appeal, Robinson argues that: (1) the defendants refused to provide him the forms necessary to pursue his

---

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

administrative remedies; and (2) the defendants retaliated against him by denying him access to the courts.

This court reviews the district court's interpretation of the Prison Litigation Reform Act de novo. *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997).

Upon review, we conclude that the district court should have dismissed Robinson's complaint without prejudice because he did not exhaust his available administrative remedies. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner,* 531 U.S. 956, 121 S.Ct. 1819, 1823, 149 L.Ed.2d 958 (2001); *Wyatt v. Leonard,* 193 F.3d 876, 877 (6th Cir.1999). Federal prisoners raise grievances through the Bureau of Prisons' ("BOP") Administrative Remedy Program. *See* 28 C.F.R. § 542.10, *et seq.* The only relevant BOP forms Robinson attached to his complaint were two grievances at the informal resolution stage and an "Inmate Request to Staff." He also attached three grievances written on ordinary paper. Robinson did not show that he pursued either the formal or informal grievances any further. Thus, he did not meet his burden of demonstrating that he exhausted his remedies for any of his claims. *See Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). Accordingly, he failed to comply with 42 U.S.C. § 1997e(a), and the case should have been dismissed without prejudice. *See Hartsfield v. Vidor,* 199 F.3d 305, 310 (6th Cir.1999). Although Robinson attached grievances and appeals to his brief on appeal, these documents are not part of the district court record and cannot be considered by this court. *See* Fed. R.App. P. 10(a); *United States v. Bonds,* 12 F.3d 540, 552 (6th Cir.1993).

Robinson's argument that the defendants refused to provide him the forms necessary to pursue his administrative remedies is without merit. Although the absence of written documentation can be excused, Robinson's complaint did not even allege that he had exhausted his administrative remedies and he did not describe any administrative proceeding or its outcome. *See Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.), *cert. denied,* 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000). Moreover, Robinson demonstrated that he is capable of raising grievances without a BOP form by attaching unofficial grievances to his district court complaint.

Robinson's argument that the defendants retaliated against him by denying him access to the courts is also without merit. First, none of the twenty-one claims in Robinson's complaint mentioned retaliation, and this court does not address legal issues not raised in the district court. *See Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 261 (6th Cir.1996). Second, even if Robinson's complaint could be construed as raising a retaliation claim, Robinson failed to exhaust his administrative remedies.

For the foregoing reasons, we vacate the district court's order and remand the case to the district court to be dismissed without prejudice. Rule 34(j)(2)(C), Rules of the Sixth Circuit.