## Anthony D. WILLIAMS, Plaintiff–Appellant,

v.

## NORTON, Sergeant, et al., Defendants–Appellees.

### No. 01–1445.

United States Court of Appeals, Sixth Circuit.

Oct. 31, 2001.

Before SUHRHEINICH and COLE, Circuit Judges; COLLIER, District Judge.*

### ORDER

Anthony D. Williams, a Michigan prisoner proceeding pro se, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief only, Williams filed a complaint against the following officials employed at the Oaks Maximum Correctional Facility, Williams's former place of confinement: Sergeant Susan Norton,

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

Correctional Officers Randy Woods and James Yettaw, Case Manager Amy Haske, and Lieutenant Rod Exo. Relying upon the Eighth Amendment, Williams alleged that, on January 6, 1999, he was assaulted by Norton, Woods, and Yettaw while he was handcuffed. Williams alleged that Haske observed the attack, but did not intervene to protect him, and that Exo expressly condoned the attack. Williams also alleged that Norton denied him access to medical care following the assault.

The defendants filed a motion to dismiss Williams's complaint for failure to exhaust administrative remedies, to which Williams responded. The district court granted the defendants' motion and dismissed the complaint without prejudice. Williams has filed a timely appeal.

Because the record contains material outside of the pleadings, which the district court did not exclude from consideration, the district court's order dismissing this case is best characterized as a grant of summary judgment in favor of the defendants. Fed.R.Civ.P. 12(b); *Soper v. Hoben,* 195 F.3d 845, 850 (6th Cir.1999), *cert. denied,* 530 U.S. 1262, 120 S.Ct. 2719, 147 L.Ed.2d 984 (2000). We review the district court's grant of summary judgment de novo. *Kincaid v. Gibson,* 236 F.3d 342, 346 (6th Cir.2001).

The Prison Litigation Reform Act requires prisoners desiring to bring civil rights claims to exhaust all available administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e(a); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). In cases governed by the provisions of § 1997e, the prisoner bears the burden of establishing exhaustion of administrative remedies. *Brown,* 139 F.3d at 1104. To establish exhaustion, the prisoner must allege that all available administrative remedies have been exhausted and should attach documentation to the complaint indicating the administrative disposition of any grievances that have been filed. *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.), *cert. denied,* 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000); *Brown,* 139 F.3d at 1104. Before the district court adjudicates any claim set forth in a prisoner's complaint, the court must determine whether the prisoner has complied with the exhaustion requirement. *Wyatt v. Leonard,* 193 F.3d 876, 879 (6th Cir.1999); *Brown,* 139 F.3d at 1104. When a prisoner has filed a civil rights complaint in federal court without first exhausting his administrative remedies, dismissal of the complaint is appropriate. *Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.1999); *Brown,* 139 F.3d at 1104.

Upon review, we conclude that the district court properly dismissed Williams's complaint without prejudice for failure to exhaust administrative remedies. *See* 42 U.S.C. § 1997e(a); *Freeman,* 196 F.3d at 645; *Brown,* 139 F.3d at 1104. Williams did not meet his burden of demonstrating that he had exhausted his administrative remedies as to the claims raised in his complaint prior to filing suit in federal court. *See Freeman,* 196 F.3d at 645; *Brown,* 139 F.3d at 1104. Even though Williams filed three grievances at the Step III level on January 6, 1999, there is no evidence that such grievances have been resolved. If the grievances were returned to Williams with instructions to proceed at Step I of the grievance procedure, Williams's suit is subject to dismissal because he did not file a Step I grievance and appeal any adverse decision to the next two levels. *See Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir.1999) (prisoner cannot "abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations"). If the grievances were retained by the director's office and are under investigation,

Williams's suit is subject to dismissal because a final decision with respect to the grievances has not been rendered. *See Freeman*, 196 F.3d at 645 (exhaustion must occur prior to filing suit, not while the suit is pending in federal court). Thus, Williams failed to demonstrate that he had exhausted his available administrative remedies prior to filing the instant suit.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.