Rufus **WILLIAMS**, Plaintiff,

v.

Kenneth **MCGINNIS**, et al., Defendants.

No. 00–71298–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Feb. 26, 2002.

---

Rufus Williams, Marenisco, MI, pro se.

Terry L. Norton, Julia R. Bell, Michigan Dept. of Attorney General, Corrections Division, Lansing, MI, for Defendants.

## OPINION AND ORDER

O'MEARA, District Judge.

Before the Court are Cross–Motions for Reconsideration of this court's December 13, 2001 Order accepting Magistrate Judge's Report and Recommendations and granting summary judgment in favor of Defendants Baerwalde, McGinnis, and Stegall but denying it for Defendant Duggan. These two motions were filed by Defendant Kevin Duggan and Plaintiff Rufus Williams under Local R. 7.1(g)(3) (E.D.Mich.).

### I. Background

This case is a *pro se* civil rights lawsuit filed under 42 U.S.C. § 1983. Plaintiff Rufus Williams is incarcerated at the Ojibway Correctional Facility in Marenisco, Michigan. He was incarcerated at the Macomb County Correctional Facility when the events giving rise to this complaint allegedly occurred. The Complaint essentially alleges the Defendants violated his Eighth and Fourteenth Amendment rights by their failure to protect Plaintiff from an inmate assault after he was named as the informant in his cellmate's Misconduct Report. The facts underlying the assault and complaint are adequately set forth in this court's order of February 14, 2001 reinstating the Plaintiff's complaint.

### II. Standard of Review

■ In order to prevail on a motion for reconsideration, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." LR 7.1(g)(3) (E.D.Mich.). The court also has discretion under this rule, but generally "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court." *Id.*

### III. Law and Analysis

#### A. Plaintiff's motion for reconsideration

■ Motions for reconsideration must also be filed within 10 days of the original ruling. LR 7.1(g)(1). William's motion falls outside that time frame, but this court will nevertheless consider it, since Williams is incarcerated and *pro se.*

■ Williams offers arguments as to why summary judgment is inappropriate for each of the three Defendants to whom it was granted. First, Defendant Baerwalde is the Michigan Dept. of Corrections (MDOC) hearings officer who conducted the hearing against Williams's cellmate and included Williams's name in the Misconduct Report of that hearing. Williams alleges that Baerwalde abused her discretion as a hearings officer and violated the Hearing Officers Handbook by releasing Williams's identity, rather than adjourning the hearing and leaving the issue of identity disclosure to the warden. This court granted summary judgment to her because hearing officers have quasi-judicial immunity from damages for actions taken in their discretionary, quasi-judicial capacity. That decision is unchallenged. What Williams contests is whether that immunity also applies to declaratory judgments, which he is also seeking. It is true that quasi-judicial immunity does not usually preclude declaratory relief. *Cf. Pulliam v. Allen,* 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984).

■ However, for a error by the court to merit reconsideration, it must also "result in a different disposition of the case." Here, Defendant Baerwalde would still be awarded summary judgment even without quasi-judicial immunity. She was

sued by Williams for violation of his Eighth Amendment right to be free of "being placed in any dangerous situation." This type of Eight Amendment claim is analyzed under the standard of whether the prison official acted with "deliberate indifference" to inmate health or safety. An official can only be found to be deliberately indifferent if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Here, Williams alleges that the deliberately indifferent act by Baerwalde was including his name in the Misconduct Report. However, Williams does not allege any facts that would demonstrate that Baerwalde was aware of a significant risk to Williams before she included his name in the report. Williams's cellmate did not have a record of dangerous or violent behavior in the prison. While there is probably always some danger to prisoners who inform on fellow prisoners, Williams did not communicate any fears for his safety when he informed Defendant Duggan of his cellmate's alleged infraction. And further, Baerwalde's decision to include Williams's name in the report is within her explicit discretion to decide what information should remain confidential about a hearing. It was a reasonable exercise of that discretion since it appears to this court that Williams had "set up" his cellmate, and that information was important in clearing the cellmate of the misconduct charge. Thus, Williams has not demonstrated a genuine issue of material fact as to whether Defendant Baerwalde was "deliberated indifferent" to the risk to him, and thus there can be no liability under the Eighth Amendment. Without such liability, no declaratory judgment will issue, so any error by the court in not considering the declaratory judgment issue previously does not impact the disposition of the case.

Therefore, reconsideration of the summary judgment in favor of Baerwalde is denied.

 Williams also challenges the granting of summary judgment to Defendants Keith McGinnis, MDOC Director, and Jimmy Stegall, Warden of the Macomb Correctional Facility, where the assault on Williams occurred. The main basis for Plaintiff's claims against these two Defendants was their supervisory capacity over Baerwalde and Duggan, but vicarious liability is not a basis for liability under 42 U.S.C. § 1983. *See Monell v. New York Dept. of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). To the extent that Williams alleges a failure to train and/or to protect as the basis of liability, he has not met the high threshold of "deliberate indifference" that governs such claims. *See Farmer,* 511 U.S. 825, 114 S.Ct. 1970 (8th Amendment failure to protect); *City of Canton v. Harris,* 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) (§ 1983 failure to train). Further, there is absolutely no evidence that Williams ever filed any grievance against these two Defendants, and so he has not shown the necessary exhaustion of administrative remedies under 42 U.S.C. § 1997e. Though Williams also disputes whether these standards apply to declaratory relief, there must be liability before there can be any kind of relief, and Williams cannot establish any for these two Defendants. Therefore, Williams has not established a "palpable defect," much less one that would lead to a "different disposition" of the case, and reconsideration of the grant of summary judgement in favor of Defendants McGinnis and Stegall is denied.

## B. Defendant Duggan's motion for reconsideration

Defendant Kevin Duggan was at all times relevant to this case a Corrections

Officer at the Macomb Correctional Facility. Williams alleges that he told Duggan that he was in danger of assault because of the disclosure of his name as a snitch shortly before the assault on him, but that Duggan was deliberately indifferent to the significant risk of bodily harm he faced. That is a charge that correctly alleges the standard for violation of the Eighth Amendment. This court denied summary judgment to Duggan because there was a genuine issue of material fact as to Duggan's knowledge of the risk Williams faced and because the right of Williams to be free from deliberate indifference to a substantial risk of intra-inmate harm was sufficiently well-established and clear that Duggan was not entitled to qualified immunity.

 Duggan, however, moves for reconsideration on the basis of an argument that this court did not consider. He argues that Williams has not established that he exhausted his administrative remedies. This court held, in its Dec. 13 order adopting the Magistrate's report, that "Defendant's Motion does not argue that Plaintiff failed to exhaust his administrative remedies against Defendant Duggan, and this Court will not address the issue *sua sponte.*" However, upon review of Defendants' brief in support of its motion for summary judgment, it is clear that the brief did in fact present the issue of administrative exhaustion as to all four Defendants. Thus, this court committed a "palpable error" that will result in a "different disposition," and Duggan's motion for reconsideration is granted.

### C. Defendant Duggan's motion for summary judgment

Since this issue was raised in the original summary judgment motion and briefed by both parties, the court will decide it without further hearing.

### 1. Standard of Review

A Rule 56 motion for summary judgment will be granted if the pleadings and all supporting documentation show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *Talley v. Bravo Pitino Restaurant, Ltd.,* 61 F.3d 1241, 1245 (6th Cir.1995). However, the moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548. The court must view all the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *Bender v. Southland Corp.,* 749 F.2d 1205, 1210–11 (6th Cir.1984). Once the moving party discharges its burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Talley,* 61 F.3d at 1245. To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue; he must produce evidence of "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548.

### 2. Law and Analysis

The issue of administrative exhaustion has been addressed by this court before. When Williams first filed suit in this court, his suit was dismissed without prejudice for failure to demonstrate the exhaustion of administrative remedies that is required

under 42 U.S.C. § 1997e(a). Subsequently, Williams moved this court to reinstate his complaint, and this court did so on February 14, 2001. The court found that Williams had demonstrated "substantial compliance" with the administrative exhaustion requirement under *Wyatt v. Leonard,* 193 F.3d 876 (6th Cir.1999). Defendant Duggan, however, challenges that ruling by the court and argues that the standard of "substantial compliance" is not applicable on the facts of this case, and that Williams has not met his burden of demonstrating exhaustion.

Duggan also complains that Williams never gave copies of the papers documenting his efforts at administrative exhaustion to Defendants. The court has these papers, however. MDOC uses a three-step procedure for inmate grievances: the first step involves filing a grievance with the locally-designated Grievance Coordinator. The next two steps are essentially appeals of this first grievance, and proceed up through the hierarchy at MDOC, until the final Step III grievance is submitted to the Prisoner Affairs Section. MDOC Policy Directive 03.02.130. Duggan submits an affidavit from that office that no Step III grievance was ever filed by Plaintiff Williams. Williams has submitted no evidence to prove otherwise.

What Williams has submitted are copies of a Step I grievance form dated May 16, 1998 that complains about the acts of Defendant Duggan. However, there are no notations on this grievance form that indicate it was ever received by the correct officials. In contrast, the grievance filed against Defendant Baerwalde on the same date bears such notations. Next, Williams submits another grievance form, on which he further complained about Defendant Duggan. This was still a Step I form, but Williams clearly wrote on it that he was filing it as a Step II form. Again, this form bears no notations that it was ever

received. Finally, Williams enclosed a copy of a letter he wrote to the Step III agency, Prison Affairs, that documented his efforts to file Step I and II grievances. However, the letter does not indicate whether it refers to the grievance against Duggan or Baerwalde, and its specific complaints in fact describe the responses (and lack thereof) that he received to the first two grievances against Baerwalde. After this, Williams also sent correspondence to several other people and entities: some inside MDOC, such as Defendant McGinnis and the Office of Policy and Hearings, and some outside, such as the NAACP and a state legislator.

What Williams alleges happened with the grievance against Baerwalde is that Williams never received a receipt for his Step I grievance, and because of this MDOC refused to accept his Step II grievance. Williams was also transferred to a different prison shortly after the assault on him, so his grievances papers were delayed. Williams cites the MDOC Policy Directive on the grievance procedure for the proposition that MDOC should still accept grievance that are late if the delay is due to a good reason, such as transfer. MDOC Policy Directive 03.02.130 ¶ G.3. That is correct.

 The court in its earlier ruling on this issue found that Williams's documented efforts at filing grievances and his explanations that he had never received any responses to his grievances demonstrated that he had "substantially complied" with the exhaustion requirement. However, having re-examined the Sixth Circuit precedent on this issue as well as Williams's proffered evidence, this court concludes that Williams has not met his burden of proving administrative exhaustion.

 This requirement of administrative exhaustion is mandatory for all prisoner cases filed after the effectiveness of the Prison Litigation Reform Act, 42

U.S.C. § 1997e. *Wright v. Morris*, 111 F.3d 414, 423 (6th Cir.1997). The acts Williams complains of occurred well after the effectiveness of the Act. The requirement applies to all prisoner complaints, even when the intra-prison administrative process does not offer a remedy to the specific complaint. *Hartsfield v. Vidor*, 199 F.3d 305, 308 (6th Cir.1999). The preferred procedure in the Sixth Circuit is that the prisoner attach the documentation of his exhaustion to his complaint, but Williams did not do that. *Brown v. Toombs*, 139 F.3d 1102 (6th Cir.1998), *cert. denied*, 525 U.S. 833, 119 S.Ct. 88, 142 L.Ed.2d 69 (1998).

In *Wyatt v. Leonard*, 193 F.3d 876 (6th Cir.1999), the court found that a prisoner had substantially complied with the requirement, though he had not literally done so. The prisoner received the benefit of this standard because he was part of "the limited category of prisoner cases in which the events giving rise to the claim occurred before the effective date of the statute." *Id.* at 879. The Sixth Circuit has not displayed the same flexibility when such an extenuating circumstance is not presented. In *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999), the court found that a prisoner who had in fact utilized all appeals offered had nevertheless failed to prove exhaustion because he had filed his federal suit before the time allotted to respond to his final administrative appeal had lapsed. In *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir.1999), the court held that even though a prisoner had filed a correct initial grievance, he could not demonstrate exhaustion without following that grievance to the final administrative appeal.

Given these precedents, Williams's proofs of exhaustion must be analyzed for quite literal compliance with the available procedures. Here, Williams has provided proof of Step I and II grievances, but no proof that they were received. Williams offers a possible explanation for this lack of documentation, but his word is not sufficient evidence to create a material issue of fact. Further, there is no evidence that Williams submitted the proper form for the Step III appeal. Though he did send a letter to the Step III agency, a letter is not the same as a grievance appeal, and the letter itself does not make clear which grievance (Duggan or Baerwalde) that Williams was pursuing. This court is not unsympathetic to the plausible frustrations that Williams may have faced during the grievance process, but he has simply not provided evidence sufficient to create a genuine issue of material fact as to administrative exhaustion, as he must do. Therefore, this court will grant Defendant Duggan's motion for summary judgment on the ground of lack of administrative exhaustion.

### ORDER

It is hereby **ORDERED** that Plaintiff's motion for reconsideration is considered but **DENIED**, that Defendant Duggan's motion for reconsideration is **GRANTED**, and that Defendant Duggan's motion for summary judgment is **GRANTED**.