**Terry GLENN, Plaintiff–Appellant,**

v.

**Donal CAMPBELL; Jim Rose; Jay Dukes; John Thobe; June Rourke; John Does 1–13; Jane Does 1–6, Defendants–Appellees.**

No. 01–6063.

United States Court of Appeals, Sixth Circuit.

March 28, 2002.

Before BATCHELDER and CLAY, Circuit Judges; ALDRICH, District

Judge.*

## ORDER

Terry Glenn, a pro se Tennessee prisoner, appeals a district court order and judgment dismissing without prejudice his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages and injunctive relief, Glenn sued the commissioner (Campbell) and assistant commissioner (Rose) of the Tennessee Department of Corrections; the warden (Dukes), medical administrator (Thobe), and inmate relations coordinator (Rourke) of West Tennessee State Penitentiary; thirteen John Does, including unidentified doctors and corrections officers; and six Jane Does, including unidentified nurses and nurse practitioners. His lengthy complaint alleged that he received incompetent and inadequate medical care in violation of the Eighth Amendment following an injury to his knee from a fall in his cell in June 2000.

In an order entered on July 9, 2001, the district court initially dismissed the John and Jane Doe defendants, and then concluded that Glenn's entire complaint should be dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a) for failing to exhaust his administrative remedies as required before filing his suit in federal court. A separate judgment was entered on July 12, 2001.

On appeal, Glenn argues that: (1) the district court abused its discretion in dismissing the John and Jane Doe defen-

dants; (2) the district court erred in dismissing his action for failure to exhaust administrative remedies; (3) the requirement that he pay the filing fee in full constitutes cruel and unusual punishment; (4) the district court erred in certifying that an appeal would not be taken in good faith; and (5) the district court judges who denied this and another § 1983 complaint on the same day conspired to deprive him of his rights. Glenn has filed a motion for the appointment of counsel on appeal. He has also filed a pro se appendix on appeal which includes documents that were not part of the district court record and are, therefore, not properly before this court. See Fed. R.App. P. 10(a).

Upon review, we conclude that the district court did not err in dismissing Glenn's complaint. This court reviews *de novo* the district court's dismissal of a civil rights action for failure to exhaust administrative remedies. *Curry v. Scott,* 249 F.3d 493, 503 (6th Cir.2001).

Pursuant to 42 U.S.C. § 1997e(a), a prisoner must exhaust all of his available administrative remedies, even when requesting monetary damages, before filing in federal court a civil rights action challenging the conditions of his confinement. *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001); *Wyatt v. Leonard,* 193 F.3d 876, 878–79 (6th Cir. 1999); *Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir.1998). The prisoner has the burden of demonstrating that he has exhausted these remedies. *Brown,* 139 F.3d at 1104. Before the district court adjudicates any claim set forth in the plaintiff's complaint, the court must determine that the plaintiff has complied with this exhaustion requirement. *Id.* The

---

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

plaintiff must exhaust the procedures prior to filing suit and not while his suit is pending in federal court. *Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.1999). To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his § 1983 complaint any decision demonstrating the administrative disposition of his claims. *Wyatt,* 193 F.3d at 878; *Brown,* 139 F.3d at 1104. The prisoner cannot "abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir.1999). "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.), *cert. denied,* 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000). This dismissal should be without prejudice. *Wyatt,* 193 F.3d at 879. Furthermore, "this Court has not hesitated to enforce § 1997e, even where such enforcement results in the dismissal of otherwise properly stated claims." *Curry,* 249 F.3d at 501 n. 2.

Glenn's civil rights complaint was properly dismissed without prejudice because he failed to demonstrate that he had exhausted his administrative remedies prior to filing this action. The district court did not err when it determined that Glenn's claims regarding the grievances, unsupported by any documentation and involving no named defendants were insufficient to satisfy the statute's requirements and permit consideration of the complaint on the merits.

■ The remaining issues raised by Glenn on appeal are meritless. The district court did not err in dismissing the John and Jane Doe defendants, since they were neither adequately identified nor served. *See Cox v. Treadway,* 75 F.3d 230, 240 (6th Cir.1996). The in forma pauperis provisions of the Prison Litigation Reform Act do not violate the constitutional rights of prisoners. *See Hampton v. Hobbs,* 106 F.3d 1281, 1284–88 (6th Cir.1997). As there is no legal basis for this appeal, the district court properly found that an appeal would not be taken in good faith. And there is absolutely no support for Glenn's theory that the district court judges are conspiring against him.

Accordingly, Glenn's motion for the appointment of counsel is denied. The district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.