**Scottie R. HURST, Plaintiff–Appellant,**

**v.**

**Alex WARREN, Chief, Defendant–Appellee.**

**No. 02–5908.**

United States Court of Appeals, Sixth Circuit.

April 2, 2003.

**604**

Before BOGGS, SUHRHEINRICH, and SILER, Circuit Judges.

*ORDER*

Scottie R. Hurst, a pro se Tennessee prisoner, appeals the district court order granting summary judgment to the defendant in this action brought under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Hurst sued Knox County, Tennessee, Chief Jailer Alex Warren in July 2000. Hurst alleged that Warren violated his constitutional rights by removing Hurst's legal materials from his cell in December 1998, January and February 1999, and February 2000. Hurst also alleged that Warren refused to permit him to go before a judge to take out warrants against Knox County officials. Both parties moved for summary judgment. The district court granted summary judgment to Warren, holding that Tennessee's one-year statute of limitations barred any claim arising in 1998 or 1999, and that Hurst failed to show that he exhausted his administrative remedies with respect to the February 2000 incident.

In his timely appeal, Hurst argues that: (1) the statute of limitations did not bar his claims because he filed a motion in the

district court on January 8, 1999; (2) he exhausted his administrative remedies; and (3) the district court judge was biased against him.

This court reviews an order granting summary judgment de novo. *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

■ Upon review, we conclude that the district court properly granted summary judgment to Warren. First, the statute of limitations barred any claim that arose before July 1999 because the statute of limitations for actions arising in Tennessee and brought under the federal civil rights statutes is one year. *See* Tenn.Code Ann. § 28–3–104(a)(3); *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir.1997). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir.1996). In his complaint, Hurst alleged that Warren took his legal materials on four occasions: December 1998, January 1999, February 1999, and February 2000. Because his first three claims accrued more than one year before he filed his district court complaint in July 2000, those claims are barred.

Hurst's argument that the statute of limitations is not a bar because he filed a motion in the district court in January 1999 is without merit. Hurst submitted an unfiled copy of a motion for a temporary restraining order and a note addressed to a Mr. Hawkins asking that the motion be filed with the magistrate judge. First, the

allegations in Hurst's January 8, 1999, motion and his July 5, 2000, complaint were different. Hurst's motion referred to access to the law library while his complaint referred to the seizure of his legal papers. Second, the motion was never filed in the district court, a fact Hurst was or should have been aware of. Hurst's claims from 1998 and 1999 were barred by the statute of limitations because he did not file his district court complaint until July 2000.

We also agree with the district court that Hurst failed to demonstrate that he exhausted his administrative remedies for the claim that arose in 2000. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002); *Booth v. Churner,* 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). In his complaint, Hurst alleged that he had filed grievances, but he did not attach copies of any grievances or responses or describe the administrative proceedings. *See Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.2000); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998) (per curiam). In later pleadings, Hurst attached copies of grievances he filed from February to May 1999, and notes addressed to Warren from April through June 2000. The notes from 2000 were not filed on the jail's grievance forms and bore no indication that they were processed as grievances. Thus, Hurst did not establish that he exhausted his administrative remedies with respect to the one claim that was not barred by the statute of limitations.

█ Hurst's attempts to excuse his lack of proof are unavailing. Hurst alleged that he filed grievances but did not always get a response and that it was pointless for him to file grievances because the jail's grievance procedure was ineffective. The record shows that the jail had a grievance policy, Hurst knew how to use it, and he had received responses. Hurst's decision to abandon the grievance procedure did not substitute for proof of exhaustion. *See Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir.1999).

Finally, Hurst's argument that the district court judge was biased against him is without merit. Hurst waived this issue by failing to raise it in the district court. *See Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 261 (6th Cir.1996).

For the foregoing reasons, we affirm the district court's decision to grant summary judgment to Warren. Rule 34(j)(2)(C), Rules of the Sixth Circuit.