**James G. SARAH, Plaintiff–Appellant,**

v.

**Wayne DESHAMBO, et al., Defendant–Appellees.**

No. 02–2457.

United States Court of Appeals, Sixth Circuit.

June 17, 2003.

Before: MARTIN, Chief Judge; KRUPANSKY and COLE, Circuit Judges.

*ORDER*

James G. Sarah appeals a district court judgment that dismissed without prejudice his civil rights complaint filed under 42 U.S.C. § 1983 for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Sarah filed his complaint in the district court alleging that named defendant prison employees served him improper and inadequate kosher meals in retaliation for his filing an earlier federal lawsuit in which he sought the kosher meals. Plaintiff alleged that he had not filed a prison grievance about his claims because he feared further retaliation. The district court dismissed the complaint sua sponte for failure to exhaust administrative remedies. Plaintiff filed a motion for reconsideration, which the district court denied. This timely appeal followed.

On appeal, Sarah contends that: (1) the Prison Litigation Reform Act (PLRA) exhaustion requirement, 42 U.S.C. § 1997e(a) is unconstitutional; and (2) the district court did not establish that administrative remedies are available to him. Upon de novo review, *see Curry v. Scott,* 249 F.3d 493, 503 (6th Cir.2001), we will affirm the judgment because plaintiff's claims on appeal lack merit.

The PLRA requires prisoners bringing actions concerning prison conditions under 42 U.S.C. § 1983 or other federal law to exhaust all available administrative remedies before suing in federal court. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner,* 532 U.S. 731, 740–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Wyatt v. Leonard,* 193 F.3d 876, 877 (6th Cir.1999). Plaintiff must establish that all available administrative remedies were exhausted by attaching the decision containing the administrative disposition of his grievance to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *See Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.2000); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). The prisoner has the burden of demonstrating that he has exhausted these remedies. *See Brown,* 139 F.3d at 1104. Plaintiff's contention on appeal that the district court must show that administrative remedies exist is unsupported and lacks merit. Unexhausted claims should be dismissed without prejudice. *See Hartsfield v. Vidor,* 199 F.3d 305, 310 (6th Cir.1999). Here, plaintiff plainly alleged that he did not exhaust available administrative grievance remedies because he feared retaliation. Accordingly, the district court properly dismissed plaintiff's complaint without prejudice.

Finally, plaintiff's claim on appeal that the PLRA exhaustion requirement is unconstitutional lacks merit. Plaintiff's contention that congress violated section 1 of the Fourteenth Amendment lacks merit because that provision expressly applies only to the states. Further, the PLRA has been deemed a constitutional measure enacted to reduce frivolous prison litigation. *See Wilson v. Yaklich,* 148 F.3d 596, 604–05 (6th Cir.1998). Accordingly, the PLRA exhaustion requirement does not impermissibly infringe on any of plaintiff's constitutional rights.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.