**Robert A. GALLAGHER,**
**Plaintiff–Appellant,**

**v.**

**Reginald A. WILKINSON, Director; et al, Defendants–Appellees.**

No. 03–3193.

United States Court of Appeals, Sixth Circuit.

Sept. 17, 2003.

Robert A. Gallagher, Mansfield, OH, pro se.

Before KRUPANSKY, BOGGS, and CLAY, Circuit Judges.

## ORDER

Robert A. Gallagher, an Ohio prisoner proceeding pro se, appeals the district court order dismissing his civil rights complaint without prejudice for failure to exhaust administrative remedies. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking compensatory and punitive damages, Gallagher sued Ohio Department of Correction Director Reginald Wilkinson, Sixth Circuit Case Manager Carol Field, Officer Springer, Lieutenant Hill, Lieutenant Spence, Sergeant Wilson, and Ms. Bickdid. Gallagher alleged that the defendants conspired to steal and conceal the theft of exhibits in a federal court case, and did not time-stamp legal pleadings. The district court screened the complaint, granted Gallagher in forma pauperis status, and dismissed the complaint for failure to exhaust administrative remedies. See 42 U.S.C. § 1997e.

On appeal, Gallagher reasserts his district court claims. He does not address the exhaustion issue.

Upon review, we affirm the district court's judgment for the reasons stated by the district court. This court reviews de novo a district court's interpretation of the Prison Litigation Reform Act (PLRA). McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir.1997). The PLRA requires prisoners bringing actions concerning prison conditions under 42 U.S.C. § 1983 or other federal law to exhaust all available administrative remedies before suing in federal court. See 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002); Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

Gallagher failed to meet his burden of showing that he had exhausted his administrative remedies. See Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir.1998) (per curiam). In the space provided on the form he filed in the district court, Gallagher indicated that he had filed a "complaint" but one of the defendants blocked him in his grievance steps. The district court held that Gallagher's conclusory assertion that he filed a grievance was insufficient. As the court noted, Gallagher did not describe the subject of any grievance, against whom he filed any grievance, or why any such grievance was denied. Be-

cause Gallagher did not attach proof of exhaustion or describe with specificity any administrative proceedings or their outcomes, the district court properly dismissed the complaint without prejudice. *See Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.2000); *Hartsfield v. Vidor,* 199 F.3d 305, 310 (6th Cir.1999).

For the foregoing reasons, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.