Shannon J. GRIFFITH, Plaintiff–
Appellant,

v.

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,
Defendants–Appellees.

No. 03–1769.

United States Court of Appeals,
Sixth Circuit.

Dec. 10, 2003.

Shannon J. Griffith, pro se, Ionia, MI, for Plaintiff-Appellant.

Before ROGERS and COOK, Circuit Judges; and COHN, District Judge.*

*ORDER*

Shannon J. Griffith, a Michigan prisoner proceeding pro se, moves for counsel in this appeal from a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Griffith is housed as a Level VI prisoner at the Ionia Maximum Facility ("IMAX"). On behalf of himself and other prisoners, Griffith sues the Michigan Department of Corrections ("MDOC") and 47 IMAX employees. Griffith's basic form complaint contains broad allegations to the effect that the named defendants, both separately and together, engaged in a wide range of conduct, as follows: (1) defendants Wolever, Schluckbier and Ray imposed an unjustified paper restriction upon Griffith on February 10, 2003; (2) the MDOC has informed Griffith that the actions taken against him are in retaliation for his expected testimony in the "Cain case;" (3) Griffith has been transferred nine times during impending court deadlines and denied his legal property, presumably to interfere with his access to the courts; (4) Griffith has been kept in isolation since June 26, 1997, as a result of his filing of a grievance against Corrections Officer Beebe, who is not named in this lawsuit, but who allegedly destroyed Griffith's typewriter in retaliation for complaints made at Oaks Correctional Facility, and who allegedly organized the filing of a false strike-and-riot misconduct charge; (5) Griffith has been charged with a false misconduct in retaliation for writing to the United States Attorney, who referred his letter to the FBI; (6) unspecified unit staff have disposed of Griffith's incoming mail and are opening and reading outgoing mail; (7) unspecified staff routinely have denied him access to the law library and legal supplies, as well as deprived him and other prisoners of meals, showers, medical treatment, hygiene, and quartermaster supplies; (8) unspecified staff have brutally transported prisoners, including Griffith, while those prisoners were improperly shackled, causing injuries to wrists, ankles and faces; (9) Griffith, along with other prisoners, has been forced routinely to accept open meal trays, despite threats of tampering, and supervisors refuse to conduct required rounds in violation of MDOC procedures; (10) in the 30 days preceding filing of his complaint, Griffith has had his legal property stolen, including transcripts, eleven personal law books, correspondence, briefs and records, and incriminating evidence against defendants; and (11) Griffith is innocent of the assault charge for which he has been convicted, but he is unable to obtain proper review in a motion for relief from judgment as a result of the theft of his legal materials. Griffith seek equitable relief. He does not state the capacity in which he sues the defendants.

On April 8, 2003, Magistrate Judge Greeley issued an order to show cause why the complaint should not be dismissed for failure to exhaust available administrative remedies. In response to that order, Griffith filed a pleading, the major portion of which was nonresponsive. Ultimately, the district court dismissed Griffith's complaint without prejudice because Griffith failed to show exhaustion as required by 42 U.S.C. § 1997e(a). This appeal followed.

Upon review, we conclude that the district court properly dismissed Griffith's case because he has not established that he exhausted his available administrative remedies. Under 42 U.S.C. § 1997e(a), a prisoner must exhaust all of his available administrative remedies *before* filing a § 1983 action in federal court, *see Brown v. Toombs*, 139 F.3d 1102, 1103–04 (6th Cir.1998), and the prisoner has the burden of demonstrating that he has exhausted these remedies. *See id.* at 1104. Although money damages may not be available through the prison grievance process, a prisoner must still exhaust these remedies because the prison has an administrative system that will review his claims.

*See Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001); *Freeman v. Francis,* 196 F.3d 641, 643 (6th Cir.1999); *Wyatt v. Leonard,* 193 F.3d 876, 878–79 (6th Cir.1999). Section 1997e(a) requires the prisoner to exhaust his administrative remedies prior to filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. *See Freeman,* 196 F.3d at 645. Further, the prisoner cannot abandon the process before completion and claim that he exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations. *See Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir.1999). To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his § 1983 complaint any decision demonstrating the administrative disposition of his claims. *See Wyatt,* 193 F.3d at 878; *Brown,* 139 F.3d at 1104.

Here, Griffith attached to his form complaint voluminous materials, including grievances and grievance responses, copies of kites sent to prison officials, and communications to prison officials, courts, and various governmental agencies. The attached grievances reference very few of the named defendants and include multiple complaints against other individuals not named in this lawsuit, alleging conduct not in issue in this lawsuit, including denial of medical treatment, denial of pens and envelopes, improper food service, and maintenance of improper cell hygiene.

This court has found that the district court is not required to hold evidentiary hearings on the issue of exhaustion or "spend a lot of time with each case just trying to find out whether it has jurisdiction to reach the merits." *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.2000). Griffith had ample notice of the inadequacies of his allegations of exhaustion and yet he failed to make a good faith effort to provide the specifically ordered information. Griffith therefore failed to meet his obligation to demonstrate exhaustion under 42 U.S.C. § 1997e(a) and the complaint was properly dismissed on this basis.

Finally, the documents attached to Griffith's appellate brief purporting to demonstrate exhaustion do not cure the exhaustion defect. Copies of the documents demonstrating that a prisoner has exhausted his administrative remedies must be attached to the complaint when it is first tendered to the district court. *See Brown,* 139 F.3d at 1104. If Griffith has exhausted his administrative remedies, he can indeed refile his complaint on the grounds stated therein.

Accordingly, the motion for counsel is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.